A. A. MASTERSON, Respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. JURISDICTION— GARNISHMENT — CORPORATIONS — SERVICE AND RETURN.—A return of service of garnishment, which shows that the writ was read to an agent of the railroad company, but which fails to show the delivery of a copy of it to the nearest station or freight agent, is insufficient.

2. ——— The court does not obtain jurisdiction over the debt sought to be seized, unless the service upon the garnishee is sufficient, even though the garnishee appears.

Appeal from the Hannibal Court of Common Pleas, Theo. Brace, Judge.

*Reversed.*

Henry G. Herbel, for the appellant : The judgment is void on the face of the record, because the summons was not served on the garnishee in the manner required by law. Rev. Stat., sect. 2521 ; *Haley v. Railroad*, 80 Mo. 112. The appearance of the garnishee, both before the justice and in the court of common pleas, was special, and limited to the purpose of the motion, but even though there had been an appearance of the appellant to the merits, it would not have cured the defective service. *Haley v. Railroad, supra; Epstein v. Salorgne*, 6 Mo. App. 344.

Smith & Harrison, and Harvey L. Christie, for the respondent : All defects in the service of process, so far as the provisions contained in section 2521, Revised Statutes, are concerned, were cured by the appeal to the court of common pleas. Rev. Stat., sect. 3052; *Ser v. Bobst*, 8 Mo. 506 ; *Boulware v. Railroad*, 79 Mo. 494. That a garnishee may, by consent expressed or implied, invite an order of payment which shall at least be binding upon himself, is sustained on high authority. *Johnson v. Dexter*, 36 Mich. 695 ; *Gould v. Meyer*, 36 Ala. 565 ; *Curry v. Woodward*, 50 Ala. 258 ; *Nat. Bank v. Titsworth*, 73 Ill. 591 ; *Wellover v. Soule*, 30 Mich. 481.

Rombauer, J., delivered the opinion of the court.

In a suit instituted by attachment, before a justice of the peace, a notice of garnishment was attempted to be served on the defendant garnishee, who is a railroad corporation.

The constable's return of service is as follows : " Executed this writ by declaring to Stephen D. Barnes, agent of the Missouri Pacific Railway Company, on the seventeenth day of December, 1883, that I did summon

said company to appear before the within named justice, at his office, on the return day of this writ, to answer such interrogatories as may be put to said company by said justice, and by reading."

The defendant garnishee did not appear before the justice, on the return day, and judgment by default was rendered against it, from which judgment it appealed to the court of common pleas.

In the latter court it appeared specially, and moved that it be dismissed as garnishee for want of jurisdiction. This motion was overruled, the cause was tried by that court on its merits, and judgment was rendered against the garnishee, from which it appeals to this court.

Several points are made upon the appeal; we shall, however, notice the question of jurisdiction only, which lies at the threshold, as the ruling on that question disposes of the case.

Section 2521, Revised Statutes, provides that notice of garnishment may be served on a railroad corporation by delivering the same, or a copy thereof, to the nearest station or freight agent of such corporation in the county in which the cause of action is pending.

Here the return of service shows neither delivery of the notice to any one, nor does it show that the person served was the nearest station or freight agent of the corporation, but simply that he was an agent. These defects are fatal to the jurisdiction of the justice.

In *Haley v. Railroad* (80 Mo. 112), it was held that a return, which recited the service as being made on "D. W. Steele, nearest agent of the Hannibal & St. Joseph Railroad Company," was insufficient to attach any funds in the hands of the company, although it appeared and answered. The decision was based on the ground that it is the notice of garnishment, served as the statute provides, that fixes the liability of the garnishee. In *Fletcher v. Wear* (81 Mo. 524), it was held, that as the ultimate object of the proceeding by garnishment is to obtain a payment binding upon the credits of the attachment debtor, the garnishment is properly dis-

missed as soon as it becomes apparent that no such order can be obtained.

The proposition decided in these two cases necessarily disposes of the point of jurisdiction raised herein in favor of the appellant. It is unnecessary to decide the question mooted in the briefs, whether the appellant did appear to the merits in the court below, as the question is one of jurisdiction of the subject-matter, and could not be waived by appearance.

The judgment is reversed.

The garnishee claims an allowance in this court, to which he is entitled under the statute. Rev. Stat., sect. 2538 ; *Davis v. Meredith*, 48 Mo. 263. The amount in controversy is small. The garnishee will be allowed twenty-five dollars for expenses and fees in this court.

It is so ordered. All the judges concur.