HENRY PERKINSON, Respondent, v. FRANK FEHLIG Appellant.

St. Louis Court of Appeals, March 23, 1886.

1. APPELLATE PRACTICE — TRIAL COURT'S FINDINGS CONCLUSIVE. When there is substantial evidence to support the finding by the trial court upon any fact in issue, in actions at law, such finding is conclusive, and is not subject to review on appeal.

2. CONTRACTS—QUANTUM VALEBAT—PRACTICE.—One who contracts to deliver materials of a specified grade at a stated price, can not, without notice to the contractee, furnish a better grade and recover for the excess of value over the contract price.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed nisi.*

F. T. LEDERGERBER, for the appellant: The instructions offered by the defendant and refused by the court, should have been given, because there is evidence to support all of them. *Cravens v. Gillidon*, 63 Mo. 28, 33, referring to *Nixon v. Palmer*, 8 N. Y. 398; *Mussick v. Railroad*, 57 Mo. 134; *The State v. Hollenscheidt*.

61 Mo. 302. The only evidence produced in rebuttal by the plaintiff was his own declarations. These were against his interest, are presumed to be true, and prevent his recovery for extra sized stone, except as stated in the first proposition. They constitute an admission. *Shirts v. Overjohn,* 60 Mo. 305 ; *Morse v. Diebold,* 2 Mo. App. 163. The court erred in ordering the amendment, because it enabled the plaintiff to recover on facts which he had denied in the pleadings. *Harrison v. Hastings,* 28 Mo. 346 ; *Irwin v. Chiles,* 28 Mo. 576 ; *Green v. Galagher,* 35 Mo. 226 ; *Corby v. Wright,* 4 Mo. App. 443 ; *Pockard v. Hill,* 7 Cowan 434. There is no legal evidence to support the verdict as rendered, and the case ought to be reversed. *Hearne v. Keith,* 63 Mo. 84 ; *Dedo v. White,* 50 Mo. 241 ; *Smith v. Crews,* 2 Mo. App. 269, 279.

FRANK J. DONOVAN and EBER PEACOCK, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover a balance claimed to be due for building stone, sold and delivered by the plaintiff to the defendant. The plaintiff claims a balance due of $1,402.82, of which amount $498.99 is conceded to be due by a tender made by the defendant. The trial court rendered judgment for the plaintiff for $1,299.57 and interest.

The trial court, in disposing of the issues before it, made a careful and detailed finding as to the facts, and its views of the law as applicable to the testimony. This finding is embodied in the transcript, and both parties have embodied it in their printed arguments, and have directed our attention to it as supporting their positions, respectively. As no error appears in the court's rulings in other respects, the only question that is really presented for our consideration is, whether the views of the law entertained by the court as applicable to the uncontroverted facts are correct.

The controversy between the parties is in regard to the quantity and quality of the stone delivered, and as to whether all the stone thus delivered was within the prices fixed by special contract between the parties prior to the delivery, and if all the stone was not within the terms of the contract, what portion thereof was outside of it.

The plaintiff's measurement, which was adopted by the court as the correct one, put the aggregate quantity of stone furnished at $1068\frac{34}{100}$ perches, and its aggregate superficial area at 4301 feet, while the defendant's measurement put the former at $1055\frac{8}{22}$ perches, and the latter at 4002 feet. As there was substantial evidence to support either measurement, the finding of the court on that subject is necessarily conclusive.

The difficulty in the case arises touching the amount of recovery, as affected by the *quality* of the stone delivered. Prior to the delivery, the defendant called upon the plaintiff and informed him in general terms, what the character of the structure was, for which the stone were required. Thereupon, the plaintiff and the defendant executed the following contract:

"St. Louis, Missouri, October 16, 1883.

"I hereby offer to deliver to Frank Fehlig, all the limestone needed for the basement of the church on Lindell and Grand avenues, as follows:

"Rubble, at $2.25 per perch.

"Range work, 40 cents per superficial foot.

"Broken ashlar, 20 cents per superficial foot.

"HENRY PERKINSON, by his son.

"PERKINSON.

"Accepted.

"FRANK FEHLIG."

It will be seen that this contract by its terms purports to cover all the stone that was to be delivered, because there is no pretense that any other but limestone was to be, or was actually delivered. Nor is there any controversy touching the true meaning of this memorandum

Both parties agree that the true meaning of it is, that all stone funished should first be measured in the wall per perch as rubble masonry, and that forty cents per superficial foot should be added for all such parts of the masonry as fell within the class known as range work, and twenty cents per superficial foot for all such parts of the masonry as fell within the designation of broken ashlar.

So far, the case is free from doubt, and if the plaintiff's measurement had been confined to the classes thus specified, then the finding of the court, if supported by any substantial testimony, would be conclusive on the question of classification, as well as on the question of amount.

Here, however, a new element intervenes. The plaintiff in his petition and by his evidence, claims that 2701½ feet of the stone furnished by him, were of a kind which should be classified not only as range work, *but as dimension range or dimension stone*, and further claims that he should be allowed on account of such stone not forty cents, but sixty cents extra for each superficial foot. This claim is based upon the assumption that this stone was not within the terms of the contract, and that the defendant, having accepted and used it, is responsible for the reasonable value thereof.

The claim thus advanced by the plaintiff is supported by the finding of the court, and the only question presented for review by the record, is whether this finding is supported by any substantial evidence, under the law applicable to the facts.

We have examined the entire testimony with great care, and can find no substantial evidence, tending to show in any manner that the contract originally entered into between the parties was ever varied, except in two particulars.

The first is in regard to certain limestone of contrasted colors used for arches, the next in regard to certain jambs and pillars put under the arches, and amounting in the aggregate to fifty-four superficial feet. In regard to these two items, there is some testimony

tending to show that the defendant was advised, when the stone was furnished, that the plaintiff claimed that he would be entitled to extra compensation on account thereof, and that the defendant acceded thereto. Extra compensation was allowed on this account by the court, beyond the excess hereinafter mentioned.

The plaintiff himself admits that he never advised the defendant that any of the stone he was furnishing (with the exceptions above mentioned), was not within the terms of his contract, and further admits that the defendant never gave him any sizes for stones, but those that were mentioned when the contract was signed, and the delivery began.

The plaintiff's witnesses claim that the 2701 feet, above mentioned, did not properly fall within the designation of range work simply, but were of a larger size, and should be classified as dimension stone or dimension range. The defendant's witnesses assert that there is no stone whatever in the building which can be properly classified as dimension stone, but that the best quality thereof was properly classified as range work. That the distinction between the two, is that dimension stone is of equal length, height, and width, all its opposite sides parallel, and laid in the wall on its natural bed, while range stone is only of equal height and width, but unequal in length, and is set in the wall on edge. That the former is unanchored and the latter anchored to other portions of the wall.

The testimony was uncontradicted, that all the stone in controversy in this building was set on edge and anchored.

The court, however, held that the plaintiff's contention was correct, and that the quantity above stated should be classified as dimension stone, and allowed the plaintiff twenty cents per superficial foot for these 2701 feet, over and above the highest price agreed on in the contract, as it seems, on no other possible theory, except that the stone could properly be classified as dimension stone.

This was error. The proper question was not whether this stone was properly classified as dimension stone, but whether the defendant received it as such under an agreement, express or implied, to pay for it as such. There is no claim that there was an express agreement, nor can an agreement of that kind be implied, unless it distinctly appears that the defendant was advised, or had reason to know, that the stone thus furnished to him was not within the terms of the contract.

If A agrees to sell and deliver to B, at a stated price, a certain quantity of number three wheat, and without advising him that the delivery is not made under the contract, delivers to him number two wheat instead, will it be claimed that A has a cause of action against B upon an implied contract, for the reasonable value of the number two wheat delivered? The simple statement of the question furnishes its appropriate answer.

If the plaintiff furnished better stone than, in his opinion, the contract called for, it was his duty to advise the defendant that the stone was not furnished under the terms of the contract. The defendant then had the option to take it or refuse to take it. Until so advised, the defendant had the right to assume that the stone was furnished in compliance with the plaintiff's contract, and at the prices therein limited.

It results that the testimony furnishes no warrant for the extra allowance made by the court, of twenty cents on 2701½ feet of so-called dimension range, and that the judgment to the amount of $540.30 and interest is excessive, as a matter of law.

If the plaintiff will remit in this court, from the judgment rendered in his favor the sum of $556.50, being such excess and interest, within ten days after the filing of this opinion, the judgment of the lower court will be affirmed, otherwise, it will be reversed and the cause remanded. All the judges concur.