J. W. PHILLIPS, TRUSTEE, Appellant, v. L. J. HOLT-
HAUS, ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, April 20, 1886.

APPELLATE PRACTICE.—In a cause tried by the court, without a jury,
where no instructions are asked or given, if there is substantial
evidence to support the judgment, it will be affirmed.

APPEAL from the St. Louis Circuit Court, W. H.
HORNER, Judge.

*Affirmed.*

J. P. COLBY, for the appellant.

W. C. BRAGG, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

This cause was heard without a jury, and no in-
structions were asked or given on either side. There
was a judgment for the defendant, and we can only
look into the record to see if there was substantial testi-
mony under the pleadings, upon which such a judgment
might fairly be rendered.

It appears from the testimony that, in February,
1875, a judgment was rendered in favor of the Capital
Bank, against Elon G. Smith and Wilbur G. Bentley,
for $584.50. The suit was, originally, against the Mis-
souri Stoneware Company, and two other parties, also,
but was dismissed as to them. In December, 1876, the Cap-
ital Bank made a sale and assignment of all its assets, in
liquidation, to John Dierberger, the present defendant's
intestate. On July 3, 1878, the Capital Bank, for value
received, assigned, "without recourse on said bank, to

VOL. XXI—42

A. C. Stewart, all its right, title, and interest, in and to "
the judgment against Smith and Bentley, above men-
tioned. This assignment was executed under the seal
of the corporation, with the signature of the president
and the attestation of John Dierberger, as cashier.
About March 27, 1884, John P. Colby, having taken
an assignment of the same judgment from Dierberger,
placed it in the hands of G. H. Ten Broek, for collec-
tion. The collector called on Bentley, who referred him
to J. W. Phillips, the trustee plaintiff in the present
case. After one or two interviews, Phillips offered to
purchase the claim at the price of seven hundred and
fifty dollars. This offer was accepted by Ten Broek,
and was satisfactory to Colby, who thereupon caused a
bill of sale to be executed by Dierberger to Phillips,
to stand in lieu of the one which Dierberger had de-
livered to himself. But before any payment was made,
the Capital Bank's assignment to Stewart, which had
escaped attention, was discovered, and this fact broke
off the pending arrangement. In April, 1884, Dier-
berger died, and, subsequently, Colby instituted the
present proceeding in the name of Phillips, as trustee
in his behalf, by presenting for allowance in the probate
court, against Dierberger's estate, his claim for dam-
ages on account of failure of title in the claim which
Dierberger had sold to Colby, or to Phillips for Colby's
benefit. The probate court gave judgment for the de-
fendant. An appeal was taken to the circuit court,
where the facts were brought out as above recited, and
that court also rendered a judgment for the defendant.

We do not perceive that any failure of title was
shown. The sale and transfer of all its assets by the
Capital Bank to Dierberger, in 1876, included the judg-
ment in question. When, therefore, the bank under-
took to convey the same judgment to Stewart two years
later, it had nothing to convey, and the title remained in
Dierberger, as before. It is of no consequence that

Dierberger attested the conveyance as an officer of the corporation. He did not thereby become a party conveying; but, even if he had so become, there would have been no compromise of his title, because the instrument in terms passes nothing more than the "right, title, and interest" of the Capital Bank. In this Dierberger's ownership was not concerned. The plaintiff charges no failure of title otherwise than by reason of the conveyance to Stewart. For aught that appears in this record, Dierberger's title, when he sold to the plaintiff, was as perfect as if the Stewart conveyance had never existed.

The judgment is affirmed, with the concurrence of all the judges.