GREEN'S BANK, Respondent, v. W. L. WICKHAM ET AL., GARNISHEES, Appellants.

St. Louis Court of Appeals, December 21, 1886.

1. PRACTICE—APPELLATE.—A finding of the court, which is consistent with any theory under the proof, will not be vacated on appeal where no instructions are asked or given, and where the court has not erred in excluding competent evidence.

2. PARTIES TO SUIT ON ASSIGNED DEMAND.—The assignor of a demand transferred pending a suit thereon may prosecute the action to final termination.

3. GARNISHMENT — JURISDICTION.—In garnishment proceedings, the situs of the debt determines the court's jurisdiction, and that situs is where the debtor resides; unless the debt, by the terms of the contract creating it, is payable elsewhere.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

J. WICKHAM, for the appellants: The circuit court did not acquire jurisdiction over the defendant or the subject matter of the action. *Fithian v. Monks et al.*, 43 Mo. 515; *Bliss v. Smith*, 78 Ill. 359; Drake on Attachments, sect. 474. The judgment against the defendant was irregular and void for want of jurisdiction of the subject matter; it was the duty of the garnishees to resist a judgment against them for a debt which was not the subject of garnishment. Drake on Attachment, sect. 696; *Thayer v. Tyler*, 10 Gray, 164; *Smith v. McCutchin*, 38 Mo. 415.

WALTER B. DOUGLAS and WILLIAM H. SCUDDER, JR., for the respondent: No declarations of law being asked or given in a cause tried by the court sitting as a

jury, the findings will not be disturbed, on appeal, if they can be supported on any theory of the law applicable under the proofs. *Miller v. Breneke*, 83 Mo. 163 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Gaines v. Fender*, 82 Mo. 509.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff instituted suit by attachment against one Hudnall, and caused the defendants to be summoned as garnishees. The garnishees in answer to interrogatories propounded stated that Hudnall was their traveling salesman on a monthly salary, which he always drew in advance on the day it was due ; that they owed him nothing and held no property belonging to him in their hands.

The plaintiff denied this answer, charging, among other things, that the garnishees were indebted, at the date of the service of the garnishment, to Hudnall in the sum of three hundred dollars, and paid him between that date and the date of the filing of their answer three hundred dollars.

These averments were denied by reply.

The amount of the plaintiff's claim was $73.59, and interest. The garnishment was served April 29, 1834. Interrogatories were filed June 3, 1884, and the garnishees answered June 5, 1884.

The plaintiff called two of the garnishees as witnesses. It appeared by their testimony, and by an account produced by them, among other things, that between the date of the service of the garnishment, and the date of their answer, they paid upon drafts drawn by Hudnall upon them the sum of one hundred and ten dollars, although the testimony is not very clear whether this money was paid on account of his salary, or on account of his traveling expenses, or on other accounts. It also appeared that they permitted Hudnall, after the garnishment, to make sundry collections, and to retain

them on account. The court thereupon rendered judgment against the garnishees for $81.17, being the amount of the plaintiff's claim with interest.

No instructions were asked or given, nor were any points of law raised at the trial, except as hereinafter stated. Under these circumstances, if the finding and judgment of the court can be supported on any theory consistent with the proof, we are not at liberty to disturb it. *Miller v. Breneke*, 83 Mo. 163 ; *Gaines v. Fender*, 82 Mo. 497, 509 ; *Hamilton v. Boggess*, 63 Mo. 233, 251, 252 ; *Perkinson v. Fehlig*, 21 Mo. App. 327, 330 ; *Phillips v. Holthaus*, 21 Mo. App. 657. That the finding can be thus supported sufficiently appears from the facts above stated.

If the garnishees desired to raise the question that the debtor's salary for the *past* thirty days, although he was a non-resident, was not subject to garnishment in their hands under the provision of section 2519, Revised Statutes ; or, that the drafts prior to the garnishment were in the hands of holders for value ; or, that the funds were incumbered by certain trusts and not the subject matter of garnishment, they should have done so by asking appropriate instructions or declarations of law. Their failure to do so prevents their consideration here, although ably presented by their counsel in his brief.

There are two points urged by the appellants which we are at liberty to consider. The first is the jurisdiction of the trial court over the subject matter, and the next whether the plaintiff is the true party in interest.

The garnishees insist that the court had no jurisdiction of the subject matter, which in these cases is the debt, because the creditor resided in the state of Mississippi, and the situs of the debt is where the creditor resides. It is held by many very respectable authorities that the situs of a debt, for the purpose of determining jurisdiction in garnishment proceedings, is the place

where the creditor resides, unless the debt by the terms of the contract is payable elsewhere, and in the latter event such situs is at the place where the debt is payable. *Williams v. Ingersoll,* 89 N. Y. 508; *Green v. Bank,* 25 Conn. 452.

On the other hand it has always been held in the New England states, where proceedings of this kind first originated in this country, and were known as the trustee process, that the residence of the debtor to be charged as trustee determined the situs of the debt and the jurisdiction of the court over it. *Tingley v. Bateman,* 10 Mass. 343; *Lovejoy v. Albee,* 33 Me. 414.

While we are not aware that the exact question here presented was ever passed upon by courts of final resort in this state, the jurisdiction has frequently been exercised by holding debtors of non-resident creditors as garnishee. We think the better rule, and one likely to lead to the least complications, is to hold, that in all cases where the debtor resides in this state, and the debt is not by the terms of the contract payable elsewhere, he becomes chargeable as garnishee, and the court acquires jurisdiction to condemn the debt.

Nor is there any merit in the objection that the court erred in ruling out evidence offered by the garnishees to the effect, that since the institution of the attachment suit, the assets of the plaintiff were assigned to other parties. One to whom a claim is assigned during the pendency of a litigation thereon, may continue the suit in the name of the assignor. Sect. 3671, Rev. Stat.

All the judges concurring the judgment is affirmed.