WILLIAM FIELDER, ASSIGNEE, Appellant, v. ELIJAH JESSUP ET AL., Respondents.

St. Louis Court of Appeals, January 4, 1887.

1. GARNISHMENT—SITUS OF DEBT—JURISDICTION.—In garnishment proceedings, whereby a debt is sought to be condemned, jurisdiction is determined by the situs of the debt, and not by the residence of the garnishee or of his debtor.

2. ——— In the case of foreign attachment or garnishment, the situs of the debt, for the purpose of determining jurisdiction, is where

the garnishee lives, unless the debt, by the terms of the contract creating it, is payable in another jurisdiction.

B. ——— RESIDENCE OF FOREIGN CORPORATION.—A foreign corpora-tion, formed in this state for the purposes of service only, is a resi-dent of the state where it was created.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

J. J. RAFTER and J. M. HOLMES, for the appellant.

TAYLOR & POLLARD, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

This is a proceeding of garnishment upon attach-ment, and was tried in the circuit court to which the cause had been appealed by the garnishee, upon the fol-lowing agreed statement of facts:

"For the purpose of dispensing with all oral testi-mony touching the liability of the St. Louis, Alton & Terre Haute Railroad Company, as garnishee, in the above entitled cause, it is agreed by and between the parties that the following are the facts bearing upon the case:

"1.   It is admitted as true that the plaintiff, Wil-liam Fielder, and his assignees, were and now are non-residents of the state of Missouri and residents of the state of Illinois ; that the defendant, Elijah Jessup, is now and has been for five years last past a non-resident of the state of Missouri and a resident of the state of Illinois ; that the St. Louis, Alton & Terre Haute Rail-road Company, garnishee, is a corporation duly organ-ized under the laws of the state of Illinois and a citizen of said state, but has an office in the city of St. Louis, and an agent here, and transacts business in said city as well as in the state of Illinois.

"2.   That the defendant is yard-master of said rail-

road company, in its yards at East St. Louis, rendering no services for said garnishee, except in the state of Illinois ; that the defendant was hired, was to be paid, and in fact was always paid, in the state of Illinois by said garnishee, the same as its other employes were paid in that state, he never having been paid by said garnishee in the state of Missouri.

"3. That said garnishee owes the defendant, for wages rendered as the yard-master in East St. Louis, the sum of one hundred and twenty-five ($125) dollars, in pursuance of his employment as above stated and not otherwise ; that, besides the sum so due by said garnishee to said defendant, it owes him nothing ; that said garnishee at the time of the service of said garnishment had not, nor has it now in its hands, any property or effects whatsoever belonging to said defendant ; that the sum due by said garnishee to said defendant is payable to him as aforesaid."

This, and the transcript of the judgment, rendered by the justice of the peace, in the attachment proceeding against the defendant, Jessup, on service by publication, was all the evidence, whereupon the court entered judgment for the defendant garnishee.

The only question presented for our consideration is whether such judgment was erroneous in substance, no point being made as to its form.

It stands admitted that the debtor, the creditor, and the garnishee, are all non-residents, and that the debt was not, by the terms of the contract, payable in this state. It is conceded that one non-resident may sue another non-resident in this state by attachment, but the garnishee contends that, there being no property within this state on which the attachment could operate, the entire proceeding was without jurisdiction.

A proceeding by garnishment is not in the nature of a personal action against the garnishee. The garnishee can not, even by his voluntary appearance and answer, confer any jurisdiction upon the court as to the debt in

his hands, unless proper steps have been taken to bring that debt into court for the purposes of condemnation. That proposition, in this state at least, is fully settled. *Haley v. Railroad*, 80 Mo. 112; *Fletcher v. Wear*, 81 Mo. 524; *Masterson v. Railroad*, 20 Mo. App. 653.

It necessarily results from this that the present proceeding can not be maintained, unless the debt of the garnishee to the attachment defendant was within the jurisdiction of the court for the purposes of condemnation.

It is evident that a debt, like all other property, must have its situs somewhere. The general proposition is laid down in the books that a debt has its situs where the creditor resides, and all authorities agree that for the purposes of taxation that is its situs or location. Any other holding would exempt that species of property from taxation altogether. It does not necessarily follow, however, that because its location for one purpose is in one certain place, it must be in the same place for all other purposes.

It is held with equal unanimity that when a debt, by the terms of the contract creating it, is payable at a fixed place, its location for all other purposes except the purpose above stated is at the place where it is payable. It is in cases of foreign attachment, and in regard to debts payable generally, and at no fixed place, where the question, what is the true situs of the debt, has given rise to considerable diversity of opinion. The New York courts, and probably some others, have held that even in such a case the creditor's residence determined the location of the debt, and the jurisdiction of the court where such jurisdiction is dependent on the location. *Osgood v. McGuire*, 61 N. Y. 524; *Williams v. Ingersoll*, 89 N. Y. 508. While most, if not all, the courts in the New England states have maintained that it is the debtor's residence and not that of the creditor. *Tingley v. Bateman*, 10 Mass. 343; *Lovejoy v. Albee*, 33 Me. 414; *Sawyer v. Thompson*, 24 N. H. 510, and see Knee-

land on Attachment, 335; Drake on Attachment, sect. 474; Freeman on Ex., sect. 410.

Keeping in view the object of the proceeding by foreign attachment or garnishment, it is apparent that the holding of the New England courts is more reasonable and likely to lead to fewer practical complications. It has been practically followed by our trial courts heretofore, although as far as we are aware the exact point had not been decided by any court of last resort in this state, until we so decided at the present term, in *Green's Bank v. Wickham, Garnishee,* (23 Mo. App. 663).

Under the view held by the New York courts, the plaintiff would have no standing in court, because it stands admitted that the garnishee's creditor is a non-resident of this state, and that the debt by the terms of the contract is not payable in this state. Nor is the plaintiff's position changed for the better by adopting the view of the New England courts and our own view expressed in the case above referred to, because it is likewise admitted that the garnishee is a foreign corporation, and as such, a non-resident of this state.

If the corporation garnishee were, for all intents and purposes, subject to all the liabilities of a domestic corporation, as is the case with foreign corporations operating their railroads in this state, and with foreign insurance companies doing business in this state, a question might arise whether the debt could not validly be condemned in its hands here. The cases of *McAllister v. Ins. Co.* (28 Mo. 217); *Roche v. Ins. Co.* (2 Brad. 360); *Railroad v. Crane* (102 Ill. 249), upon the facts decided in them, indicate that such might be done, but surely no such claim can be made, when the corporation for all intents and purposes is a non-resident, simply because the statute authorizes a service by summons upon it, as in the case of individual non-residents found within the state.

Moreover, the holding of the trial court in this case can be vindicated on principle as well as authority. The

debtor and creditor are residents of the state of Illinois, and the debt sued for was presumably contracted in that state and subject to its laws, which formed part of the contract. The probability is that the debt sought to be attached, or at least part thereof, is exempt from attachment and not subject to garnishment on either attachment or execution, because, in absence of proof on that subject, the laws of that state are presumed to be the same as our own. An attempt to attach the debt here on the ground that the debtor is a non-resident, would defeat the protection extended to the debtor by the laws of both states. He could not assert his claim to exemption in Illinois, because no levy was made there; he could not assert it here, because a non-resident. On what just ground should the courts of this state confer upon a foreign creditor a right to subject certain property of the debtor to the satisfaction of his claim, when the laws of the place of the contract, and of the joint residence of the creditor, debtor, and garnishee deny such right.

The entire proceeding is so opposed to all principles of natural justice, that courts have recently in other jurisdictions frequently held, that equity will enjoin a judgment creditor from prosecuting a suit in one state for the purpose of applying the debtor's wages or credits to the payment of his judgment, when such wages or credits are exempt from levy by the laws of the domicil of the defendant in the judgment. *Hager v. Adams*, 30 N. W. Rep. 36, cases cited and note.

The judgment is affirmed. All the judges concur.