WILLIAM KEATING, Respondent, v. AMERICAN REFRIGERATOR COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals, October 30, 1888.

1.    Garnishment: JURISDICTION.  If it appear from an answer in garnishment, not denied, and from the proofs offered, that the judgment debtor resides without this state, and that the  debt due him is payable in another state, and that there is no jurisdiction in a  court of this state to entertain the proceeding, and a judgment for the plaintiff against the garnishee is error.

2.    Allowance to Garnishee.  Where no claim to an allowance for fees and expenses was made by the garnishee when the cause was submitted to this court, a motion for an allowance subsequently filed will not be entertained.

*Appeal from the St. Louis City  Circuit  Court.*—HON. DANIEL DILLON, Judge.

REVERSED.

| 32a | 293 |
|---|---|
| 33a | 115 |
| 32 | 293 |
| 44 | 557 |
| 32 | 293 |
| 50 | 430 |
| 32 | 293 |
| 54 | 154 |
| 32 | 293 |
| 57 | 219 |
| 32 | 293 |
| 127m | 245 |

) *Pollard & Werner* and *Wentworth Terry*, for the appellant.

Appellant was entitled to judgment upon its answer as garnishee. The answer, not having been excepted to or denied, must be taken as true. R. S., chap. 36, sec. 2535; *Bell v. Strow*, 59 Mo. 118; *Holton v. Railroad*, 50 Mo. 151; *Bank v. Dillon*, 75 Mo. 380. The answer set up the facts that garnishee was a foreign corporation, and that the debt, by the terms of the contract creating it, was payable in another state. The testimony introduced by appellant supported the answer. Under this state of facts, the courts of this state have no jurisdiction over the debt, and the judgment of the circuit court should be reversed. *Fielder v. Jessup*, 24 Mo. App. 91; *Bank v. Wickham*, 23 Mo. App. 663.

*T. J. Cornelius*, for the respondent.

Respondent was entitled to the judgment rendered. In this case, the debt was contracted in St. Louis, Mo.; the creditor resides in St. Louis, Mo., and the debt was put into judgment in St. Louis, Mo. In *Fielder v. Jessup*, 24 Mo. App. 91, upon which so much reliance is placed by appellant, all the parties were non-residents.

Peers, J., delivered the opinion of the court.

This is a garnishment proceeding begun before a justice of the peace before whom respondent had recovered a judgment against defendant Brown, and before whom defendant filed the following answer as garnishee, viz.:

"William Keating *vs.* F. E. Brown, Am. Refrigerator Transit Co., Garnishee. Before Eugene B. Cronin, justice of the peace, thirteenth district, city of St. Louis, state of Missouri. The undersigned, having been duly summoned as garnishee in the above entitled cause, make answer to the interrogatories of the said plaintiff as follows: *First Interrogatory:* At the time of the service of the garnishment, had you in your possession,

or under your control, any moneys, goods or effects of the defendant; if so, state what property, how much and of what value, and what money or effects? *Answer:* Yes; $48.66. *Second Interrogatory:* At the time of the service of the garnishment, did you owe the defendant any money, or do you owe him any now; if so, how much, on what account, and when did it become due; and if not yet due, when will it become due? *Answer:* $48.66; due January 1, 1888."

Garnishee further answering says "that it is not a corporation of the state of Missouri; that the said amount of money so acknowledged to be due said defendant was not earned by said defendant in the state of Missouri, nor is it payable in the state of Missouri, nor does said defendant reside in the state of Missouri. Garnishee further states that said defendant is a married man, and that the said amount of money so acknowledged to be due was earned and is due for wages for the month of December, 1887; that it, the said garnishee, is a corporation of the state of Illinois; that the said defendant resides in the state of Texas, and that the said money was earned and is payable in the state of Texas. American Refrigerator Transit Co. By Henry Sumner, Auditor."

To this answer no denial was filed by plaintiff in the court below. Judgment was rendered in favor of plaintiff. An appeal was taken by the garnishee, and in the circuit court judgment was again rendered in favor of respondent. The garnishee then took this appeal.

In the circuit court the garnishee moved for judgment on its answer, the same not being denied, which was by the court overruled. The appellant then introduced evidence in support of its answer from which it seems that during the months of December, 1887, and January, 1888, and for a long time prior thereto, E. F. Brown, the defendant below, resided at Dallas, Texas, and acted as agent for the garnishee; that by the terms of his employment, said Brown was to be paid his wages monthly in the state of Texas, at Dallas; that no part of his salary was ever drawn in St. Louis, but had been

sent regularly to him at Dallas. It also appeared that the defendant corporation was created under the laws of Illinois, with its general business office in East St. Louis, in said state.

No testimony was introduced by respondent to contradict appellant's answer as garnishee, or the testimony introduced by appellant. The court thereupon gave judgment in favor of plaintiff below, and ordered the garnishee to pay into court the amount of its admitted indebtedness to defendant Brown, and upon appellant's declining to comply with said order rendered judgment against appellant for said amount. Appellant thereupon filed a motion for a new trial which was overruled and judgment entered for respondent, from which the garnishee appeals to this court, assigning the following errors : (1) The circuit court erred in overruling appellant's motion for judgment upon its answer as garnishee ; (2) the finding and judgment should have been in favor of appellant as garnishee, and (3) the circuit court erred in overruling the motion for a new trial.

It will be seen that there is but one question in the case, *i. e.*, was the appellant entitled to judgment upon its answer as garnishee, the same not having been excepted to or denied ?

The statute provides : "If the answer of the garnishee be not denied in proper time, it shall be taken to be true and sufficient" (R. S. sec. 2552), this being a proceeding before a justice of the peace, which section applies, and not section 2535, as urged by the appellant. There is no material difference, however, between the two sections, the words "excepted to" being omitted in the former section, but the omission does not affect the meaning of the statute nor do away with the necessity of denying the answer. The answer of the garnishee makes a *prima-facie* case and must stand, whether it be a denial, or, as in this case, an affirmation of new matter, until evidence is introduced conducing to overthrow it. *Holton v. South Pacific Ry. Co.*, 50 Mo. 151. This record discloses no evidence contradicting the

answer of the garnishee and it stands as "true and confessed."

The answer sets up the fact that the garnishee is a foreign corporation and that the debt, by the terms of the contract creating it, was payable in another state. The testimony introduced by the appellant supported the answer, and under this state of facts it is contended that the trial court had no jurisdiction over the subject-matter, which in these cases is the debt, because the debtor and the garnishee are both non-residents of the state, and the debt by the terms of the contract is payable elsewhere. The decisions in this state follow the New York and Connecticut courts upon this subject in holding that the *situs* of the debt is the place where the debtor resides, *unless* the debt by the terms of the contract is payable elsewhere ; and in the latter event such *situs* is at the place where the debt is payable. *Williams v. Ingersoll*, 89 N. Y. 508 ; *Green v. Bank*, 25 Conn. 452. In *Green's Bank v. Wickham*, 23 Mo. App. 663, this court, in an opinion by ROMBAUER, J., in treating of this subject, uses the following language : "We think the better rule, and one likely to lead to the least complications, is to hold that in all cases where the debtor resides in this state, and the debt is not by the *terms of the contract payable elsewhere,* he becomes chargeable as garnishee, and the court acquires jurisdiction to condemn the debt." So in *Fielder v. Jessup*, 24 Mo. App. 91, it is held "in garnishment proceedings, whereby a debt is sought to be condemned, jurisdiction is determined by the *situs* of the debt, and not by the residence of the garnishee or his debtor."

Following the reasoning in these cases and applying the evidence in the record we are forced to the conclusion that the circuit court erred in overruling appellant's motion for judgment upon its answer, and its judgment will be reversed. All concur.

ROMBAUER, P. J., delivered the opinion of the court on motion for allowance.

The garnishee moved for an allowance to reimburse

it for counsel fees and expenses. No such claim was made when the cause was submitted to us. We have heretofore decided that garnishees claiming allowances on account of counsel fees and expenses should make such claim when their case is submitted to us, accompanying the claim with a statement of their outlays necessarily incurred, and such evidence as they see fit to adduce, so that counsel on the other side may have an opportunity to be heard, and produce evidence on the subject if so advised. We see no reason for departing from this practice, and must decline to entertain this motion.

The judgment of the trial court against the garnishee was reversed. As the case was not remanded, the present state of the record would prevent the garnishee, under the rule hereinabove stated, from obtaining an allowance either in this court or in the trial court. The judgment will be so modified as to remand the cause to the trial court for the purpose of enabling the garnishee to present his claim and obtain the proper allowances there, and for no other purpose. All the judges concur.