CHARLES B. TODD, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 27, 1888.

1. **Attachment**: SERVICE: GARNISHMENT. A return on a writ of attachment which shows nothing more than that the officer summoned a garnishee is not sufficient to give the court jurisdiction over the *res*, or to authorize a procedure to judgment against the defendant. Such an irregularity is not aided by a full return on the notice of garnishment, that not being a judicial writ.

2. **Judgment on Motion**: EXCEPTIONS. A judgment on motion, on the face of the pleadings, is not a trial, or a verdict, requiring that a motion for new trial, or in arrest, be filed within four days thereafter. Nor will the unsuccessful party lose the benefit of his appeal by failing to file such a motion, if the final action of the court be upon a motion, and exceptions thereto be properly saved.

3. **Garnishment**: JURISDICTION. Where a debt was contracted in another state and is there payable by the terms of the contract, the courts of this state have no jurisdiction to proceed to judgment in garnishment on account of such an indebtedness.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED.

*Henry G. Herbel*, for the appellant.

Neither the justice nor the circuit court acquired jurisdiction of the debt due Pearce. The return of the constable on the writ of attachment does not show that he attached anything in garnishee's hands. This is essential to a valid attachment. *Norvell v. Porter*, 62 Mo. 311; *Keane v. Banking House*, 4 Mo. App. 507; *Brecht v. Corby*, 7 Mo. App. 300; *Masterson v. Railroad*, 20 Mo. App. 655. The averment that the " services were rendered in the town of Denison, in the state of Texas (through which state garnishee's line of railway runs), under and in pursuance of a contract there made between this garnishee and said Geo. W. Pearce, by which it was provided that said wages were to be paid said Pearce monthly at said town of Denison, in said state of Texas; that said wages are now payable to said Pearce at said town of Denison, in the state of Texas, and not elsewhere," establishes the *situs* of the debt in the state of Texas, and under the decisions of this court in the cases of *Fielder v. Jessup*, 24 Mo. App. 91; *Bank v. Wickham*, 23 Mo. App. 663, excludes the jurisdiction of our courts. *Wilson v. Joseph*, 107 Ind. 490; *Hager v. Adams*, 30 N. W. Rep. 37; *Frazee v. Rice*, 47 Md. 205; *Snook v. Switzer*, 25 Oh. St. 516; *Railroad v. Maltby*, 34 Kan. 125. The exemption plea in the answer also constitutes a complete defense to this action. If, as the answer alleges, the wages in controversy are exempt from execution in the state of Texas, where they were earned, garnishee cannot be charged here on that account, as that would subject it to a double liability and work an injustice, which the law will not countenance. *Minor v. Coal Co.*, 25 Mo. App. 78; *Fielder v. Jessup*, 24 Mo. App. 91.

*John B. Roeder*, for the respondent.

The extended return of the constable is not only very full, but technically exact, and shows not only

that the garnishee was summoned, but that the debt was attached in its hands. R. S., 1879, secs. 420, 748, 749. Sustaining the motion for judgment was a trial of this cause and equivalent to a jury finding under sections 2533 and 2534, Revised Statutes, 1879, and the subject of garnishment being money, as distinguished from property or choses in action, judgment might properly have been entered against the garnishee, at the time the motion was sustained, under section 2520, Revised Statutes. *Birtwhistle v. Woodward*, 95 Mo. 113.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding commenced before a justice of the peace, by attachment, against George W. Pearce as principal defendant, and against the Missouri Pacific Railway Company as garnishee. There was a judgment against the principal defendant and also a judgment against the garnishee on its answer, from which it prosecutes this appeal.

At the outset, there is a question whether the return of the constable shows a valid levy of the writ, such as was necessary to give the court jurisdiction. The return on the attachment does not show that the constable attached any property of the defendant, by garnishment or otherwise ; but it merely shows that the constable executed the writ by summoning the garnishee. This was no return such as showed jurisdiction over the *res*, and authorized the court to proceed to judgment against the defendant (*Keane v. Bartholow*, 4 Mo. App. 507 ; *Norvell v. Porter*, 62 Mo. 309 ; *Masterson v. Railroad*, 20 Mo. App. 655) ; unless we are to hold that it was helped out by the return upon the notice of garnishment, which set forth that the constable attached the goods, chattels, rights and credits, of the defendant in the hands of the garnishee. It is true that it was held in *Johnson v. Gilkeson*, 81 Mo. 59, that

the irregularity of indorsing the return of an attachment upon the petition instead of the writ, was not fatal to the jurisdiction, but in that case there was but one return; here there are two, and the one which professes to be a return to the attachment, and which is indorsed on the writ of attachment, is insufficient.   The garnishment is not a judicial writ; it is not sued out by the plaintiff; but it is a mere notice issued by the levying officer; and the return indorsed on this notice cannot, we think, be held sufficient to help out the want of a good return to the writ.   But, as this defect is capable of being cured by an amendment made by the constable under leave of the court, according to the fact (*Brecht v. Corby*, 7 Mo. App. 305; *Transier v. Railroad*, 54 Mo. 189; *Turner v. Railroad*, 78 Mo. 578), we should probably remand the cause in order that this might be done, if it were not for another consideration which is fatal to any judgment against this garnishee.

Before coming to this question, it is necessary to get out of the way an objection raised by the respondent.   The garnishee filed an answer admitting a certain amount due the principal debtor, and setting out the defenses hereafter stated.   The plaintiff, after having filed a denial, moved for judgment on the answer.   On the sixth of July the court sustained this motion and ordered the garnishee to pay into court, for the use of the plaintiff, the sum of $39.92.   The garnishee having failed, and, in open court, declined so to do, the court, on the seventeenth of July, entered judgment against it for the above-named sum.   On the same day the garnishee filed a motion for new trial and a motion in arrest of judgment, both of which were overruled, the garnishee excepting.   The contention of the respondent now is that the order of the court sustaining the motion for judgment on the answer and requiring the garnishee to pay the money into court was in the nature of a

verdict, and that the motions for new trial and in arrest of judgment not having been filed within four days thereafter were not filed within four days of the trial, within the meaning of section 3707, Revised Statutes. It is a sufficient answer to this to say that there was here no "trial" within the meaning of that section. A motion for judgment on the pleadings is in the nature of a demurrer, and a judgment sustaining the motion is analogous to a judgment sustaining a demurrer. Where a cause is finally decided upon a motion, and there is a bill of exceptions showing that fact, a motion for new trial is not necessary, in order to bring the question of the propriety of the judgment before an appellate court for decision, provided an exception is otherwise saved. *O'Connor v. Koch*, 56 Mo. 253; *Butler v. Lawson*, 72 Mo. 244. It is true that no exception was taken to the order of court directing the garnishee to pay the money into court at the time when the order was made. But in *Allen v. Benton*, 79 Mo. 165 (reversing s. c., 9 Mo. App. 579), it was held that an exception to an order overruling a motion to set aside an order awarding execution against a stockholder was sufficient to bring the matter before the appellate court for review, although no exception had been taken to the action of the court in sustaining the motion for execution. That case shows that the garnishee in this case did not lose the benefit of his exception, for the facts of the two cases are analogous.

Upon the merits the judgment must be reversed. The answer of the garnishee contains (among others) the following allegations : "To the second interrogatory it answers that, at the time of the service of the garnishment herein, to-wit, on the twelfth day of February, 1887, it did not owe the said defendant, Geo. W. Pearce, any money, nor did it owe him any at the time of the filing of the original answer in this cause, except the sum of sixty-nine and seventy-five one-hundredths

Todd v. Mo. Pac. Ry. Co.

dollars, on account of wages due from it to said defendant as its employe for his services as telegraph operator for the month of January, 1887 ; that the said sum became due on the fifteenth day of February, A. D. 1887, and remains unpaid ; that said services were rendered in the town of Denison in the state of Texas ( through which state garnishee's line of railway runs ) under and in pursuance of a contract there made between this garnishee and said George W. Pearce, by which it was provided that said wages were to be paid said George W. Pearce monthly at said town of Denison, in said state of Texas ; that said wages are now payable to said George W. Pearce at said town of Denison, in the state of Texas, and not elsewhere. For further answer and defense herein, said garnishee says that the debt due said George W. Pearce, as aforesaid, is for his current wages for personal services rendered garnishee, and that said wages are, by the laws of the state of Texas, exempt from garnishment.'' The allegations of this answer establish the *situs* of the debt in the state of Texas, where, by the terms of the contract creating it, it was payable, and the court accordingly had no jurisdiction to impound it here. *Green's Bank v. Wickham*, 23 Mo. App. 663 ; *Fielder v. Jessup*, 24 Mo. App. 91 ; *Keating v. Am. Ref. Co.*, 32 Mo. App. 293.

Beyond this, the answer of the garnishee sets up that the debt is exempt from execution under the laws of Texas. It thus appears that the object of this proceeding is to avoid the exemption laws of Texas, in which state the debtor resides ; and the judgment which has been rendered has the effect of depriving him of the benefit of his exemption altogether, because he cannot claim the benefit of the exemption laws of this state, being a non-resident. This furnishes an additional reason why the judgment should not be permitted to stand. On this point, it is not necessary to say more than we said in *Fielder v. Jessup, supra.*

The judgment will accordingly be reversed. The garnishee will be allowed the sum of thirty-five dollars for answering in the court below and prosecuting this appeal. R. S., sec. 2538; *Davis v. Meredith*, 48 Mo. 263; *Masterson v. Railroad*, 20 Mo. App. 653, 656. It is so ordered. All the judges concur.