JACOB R. BRYANT, Appellant, v. SAMUEL M. P. McCLURE, Respondent.

### St. Louis Court of Appeals, April 21, 1891.

Practice, Trial: PLACE OF SUIT. When both the plaintiff and the defendant are non-residents of this state, suit upon a transitory cause of action may be brought by summons in any county in which the defendant is found.

*Appeal from the Cape Girardeau Court of Common Pleas.*—HON. MAURICE KRAMER, Judge.

REVERSED AND REMANDED.

*H. J. Cantwell* and *Frank E. Burrough*, for appellant.

*J. B. Dennis*, for respondent.

ROMBAUER, P. J.—This suit was brought before a justice of the peace by summons, by a non-resident of the state against another non-resident who was found and served with process in the county of Cape Girardeau. The action is upon an assigned account, and as such transitory. The defendant appeared specially before the justice, and moved the justice to dismiss for want of jurisdiction. This motion was overruled, and he thereupon went to trial, and, judgment being rendered against him, appealed to the court of common pleas. In the latter court the defendant renewed his motion to dismiss, and in support thereof gave evidence tending to show that both he and the plaintiff were non-residents of this state ; that the suit was based upon a contract for rent made in the state of Illinois, where the defendant, prior to the institution of this suit, had been garnished on attachment proceedings against the plaintiff's assignor, and where judgment was rendered against him as such garnishee. Upon this showing the court of common pleas reversed the judgment of the justice, and dismissed the case. Thereupon the plaintiff appeals to this court.

The judgment is erroneous. The first three clauses of section 2009 of the Revised Statutes of 1889 have reference only to cases, wherein one or the other of the parties are residents of this state. Where both parties are non-residents of the state, suit may be brought in any county where the defendant or his property can be found. That a non-resident may sue another non-resident by attachment in this state, has been decided as early as *Posey v. Buckner*, 3 Mo. 604, and no reason is apparent why the rule should be different, where the court acquires jurisdiction by summons over the person of the defendant. Such suits have been constantly

brought, and the jurisdiction of the courts upheld in trial courts in this state, and, while we are referred to no case in this state wherein a court of final judicature has passed on the identical question, courts of other states have uniformly passed on it in the sense hereinabove indicated. *Knight v. Railroad*, 108 Penn. St. 250; *Herrick v. Railroad*, 31 Minn. 11; *B. & M. Ry. Co. v. Thompson*, 31 Kan. 180; *Dennick v. Railroad*, 103 U. S. 11. The trial court was probably led into this error by treating this proceeding as a jurisdiction over the debt, in which case the *situs* of the debt determines the jurisdiction of the court. *Fielder v. Jessup*, 24 Mo. App. 91. Here the question of jurisdiction which is raised is one over the person and subject-matter, and, as the action is transitory, the court acquired jurisdiction of both by service of summons upon the defendant within the territorial limits of its jurisdiction.

The defense, that the debt sued for had been condemned by valid anterior proceedings in another state, if available, is a defense to the merits, and cannot be made on a motion to dismiss for want of jurisdiction. Whether such a defense is available on the merits depends on the question, whether the assignment preceded the garnishment, and, if so, whether the defendant garnished had notice of that fact when he answered as garnishee.

All the judges concurring, the judgment is reversed and the cause remanded.