H. H. BLACKSTONE, Appellant, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Garnishee of T. J. WEATHERBY, Respondent.

St. Louis Court of Appeals, April 21, 1891.

Justices' Courts: GARNISHMENT: RIGHT OF PLAINTIFF TO FILE REPLY OUT OF TIME. In a garnishment proceeding before a justice of the peace, the plaintiff must deny the answer of the garnishee, if he desires to do so, within the time provided by statute, and, if he

fails to make such denial before the justice, he is not entitled as a matter of right to make it in the circuit court on appeal. And *held* in the case at bar, wherein no such denial was filed before the justice, and the garnishee was, therefore, entitled to a discharge upon his answer, that it was not error for the circuit court on appeal to refuse the plaintiff leave to file a denial, or to strike out such denial after leave had been given to file it.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Charles D. Yancey*, for appellant.

*H. S. Priest* and *Martin L. Clardy*, for respondent.

ROMBAUER, P. J.—This is a garnishment on attachment. The garnishee appeared before the justice, and filed an answer, stating that it was indebted to the defendant in the sum of $21 for the last thirty days' wages, earned by him in the state of Arkansas, and payable there and not elsewhere by the terms of the contract, and that such wages by the laws of Arkansas are exempt from attachment. This answer, as far as the transcript of the justice shows, was not denied in any manner, but the justice rendered a judgment against the garnishee on the admissions contained in it. From this judgment the garnishee appealed. In the circuit court the plaintiff obtained leave to file a denial, and did file a denial, of the garnishee's answer, stating that the wages were earned in the state of Missouri and were not the last thirty days' wages, and that they are not exempt by the laws of the state of Missouri. This denial the court, upon the garnishee's motion, struck out, and discharged the garnishee upon its answer. From this judgment the plaintiff appeals.

Two questions are thus presented for our consideration. First, does the garnishee's answer in this case state facts entitling the garnishee to a discharge? Next,

is the filing of a denial in the circuit court, where none was filed before the justice, permissible, and, if permissible, is the plaintiff entitled to it as a matter of right?

The garnishee's answer, unless controverted by evidence, is taken to be true, both in regard to a denial of indebtedness, and an affirmation of new matter. *Holten v. Railroad*, 50 Mo. 151. The garnishee's answer in this case, if true, states a complete defense, since it shows that the money in its hands was exempt from attachment, and that the justice had no jurisdiction of the debt on account of its *situs*. *Fielder v. Jessup*, 24 Mo. App. 91; *Keating v. Refrigerator Co.*, 32 Mo. App. 293; *Todd v. Railroad*, 33 Mo. App. 110. The garnishee, therefore, was entitled to its final discharge before the justice of the peace under the provisions of section 5253 of the Revised Statutes of 1889, and the only question tried before the justice was, whether the garnishee was entitled to such discharge. If that was the only question which was for trial in the circuit court on appeal, then the judgment rendered herein was clearly correct.

The statute provides that the same cause of action, and no other, which was tried before the justice, shall be tried before the appellate court upon appeal. R. S. 1889, sec. 6345. The statute further provides that the plaintiff may deny the answer of the garnishee before a justice, or any part thereof, on the same day on which the answer is made, if it be a regular law day, and, if not, in such time as the justice shall direct. Sec. 5248. This section is a limitation of plaintiff's right to make the issue by denial, and, if he fails to do so, he cannot reassert it on appeal as a matter of right. The garnishee's right to a discharge having become fixed under the statute, the justice cannot by a subsequent unauthorized judgment take it away from him. The case, therefore, presents this view. The justice's judgment as rendered was clearly erroneous. The plaintiff, having failed to

file a denial of the answer which entitled the garnishee to a discharge before the justice, seeks to obtain leave to do so on appeal. The court refuses to grant such leave, because its judgment in striking out the denial is equivalent to a rescission of its order granting leave to file it. Section 6347 of the Revised Statutes of 1889, which provides for amendments of pleadings upon appeal, confines such amendments to cases, where by the amendment substantial justice would be promoted, and we certainly are not prepared to say that by permitting this amendment, even if the court had power to do so, substantial justice would have been promoted. This leads us to conclude that the plaintiff was not entitled as a matter of right to file a denial for the first time in the circuit court, and that there is nothing in the facts of the case which would justify us in concluding that the court erred in refusing him permission to do so, or in doing what is the same thing, striking out his denial after it was filed.

The judgment, with the concurrence of the other judges, is affirmed.