MARTIN, PERRIN & Co., Respondents, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 8, and June 13, 1892.

1.  Justices' Courts: CHANGE OF VENUE BY GARNISHEE: JURISDICTION. The fact that a garnishee in a justice's court obtains a change of venue does not affect the jurisdiction of the justice in the principal case.

2.  Practice, Appellate: JURISDICTION: SITUS OF GARNISHED DEBT. A garnishee answered that the situs of the garnished debt was out of the state of Missouri. There was a denial of the answer filed and judgment against the garnishee on a trial. *Held*, on appeal from a motion to quash execution on the judgment on the ground of no jurisdiction in the justice, the appellate court must assume that the matters alleged in the answer, which were met by a record denial, were not made to appear upon the trial.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*J. E. Dolman* and *John A. Milne*, for appellant.

*Alderson & Sebree*, for respondents.

ELLISON, J.—Plaintiff begun a suit before a justice of the peace by attachment against D. D. Jones. The appellant was summoned as garnishee, and in due time answered interrogatories, admitting it owed Jones, but set up the following new matter: "Garnishee further answering says it is not a corporation of the state of Missouri; that said amount of money so acknowledged to be due the said defendant was not earned by said defendant in the state of Missouri, nor is it payable in

the state of Missouri. Garnishee further states that said defendant is a married man, and that said amount of money so acknowledged to be due was earned and is due for wages for the month of May, 1889; that said garnishee is a corporation of the states of Illinois and Iowa; that said defendant resides in the state of Kansas, and that said money was earned and is payable in the state of Kansas." A denial of this answer was filed by plaintiff, and the case proceeded to trial, and judgment was rendered against the garnishee. There was an appeal to the circuit court, where the judgment of the justice was affirmed for the reason that no notice of appeal had been given. Execution was, thereupon, issued against garnishee. The garnishee then filed its motion to quash the execution, which motion, being overruled, it appeals to this court.

After filing its answer the garnishee asked and was granted a change of venue from Holt, J. P., to Justice King. Holt did not send the papers to King until after he procured service by publication against Jones, the defendant in the cause, and had rendered judgment against him on plaintiff's claim. Holt did not proceed in any matter connected with the garnishment after the change of venue was granted.

The garnishee now contends that the judgment against it is void for the reason that, it being a necessary foundation for a judgment against a garnishee, there should first be a good judgment against the principal defendant (*Miller v. Anderson*, 19 Mo. App. 71), and, as the only judgment here against the principal defendant was the one rendered by Holt after the change of venue was granted, it is void, since Holt (it is asserted) had no jurisdiction of the cause after the change of venue. The difficulty with this contention is that there was no change of venue in the principal case. The fact that the garnishee obtained a change

of venue did not affect the jurisdiction of the justice in the principal case.

II.   It is also urged that the judgment on which the execution issued is void for the reason that, since the garnishee's answer establishes the situs of the debt outside the limits of the state of Missouri, Justice King had no jurisdiction over the subject-matter of the garnishment.   *Todd v. Railroad*, 33 Mo. App. 110; *Keating v. Ref. Co.*, 32 Mo. App. 293; *Fielder v. Jessup*, 24 Mo. App. 91; *Bank v. Wickam*, 23 Mo. App. 663.   The answer does fix the situs of the debt, and garnishee's point would be well taken, was the answer all that appeared in the case.   But it is not all.   This answer was denied, and it appears from the record that a trial of the issues thus raised was had before Justice King, who found against the garnishee.   The nature of the jurisdiction in a case like this being dependent upon matters of fact, we must assume that the matters alleged in the answer, which were met by a record denial, were not made to appear upon the trial.

Other points made by appellant are not considered tenable.   The judgment is affirmed.   All concur.