Hardware & Manufacturing Co. v. Lang & Co.

WYETH HARDWARE & MANUFACTURING COMPANY, *Plaintiff in Error*, v. H. F. LANG & COMPANY.

Division Two, March 5, 1895.

1. **Attachment:** NONRESIDENT: DEBTS. Wherever a creditor may maintain a suit to recover his debt, it may be attached there as his property, provided the laws of such place authorize it.

2. **Nonresident:** DEBTS: GARNISHMENT. Debts due a resident of this state by a resident of the state of Kansas may be garnished in the latter state, although service on the principal defendant is made by order of publication merely.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*Johnson & Wilson* and *Geo. N. Elliott* for plaintiff in error.

(1) Where a court has jurisdiction of the parties, injunction will lie against them to prevent the annulment of the laws of its own state by the action of any one of the parties outside of the state. *Railroad v. Sharritt*, 43 Kan. 375; *Cole v. Cunningham*, 133 U. S. 107; *Needham v. Thayer*, 147 Mass. 536; 3 Am. and Eng. Encyclopedia of Law, p. 523, and note; 8 Am. and Eng. Encyclopedia of Law, pp. 1254, 1255. (2) Comity and public policy can not require of the courts of Missouri a deference and respect to the judgment of a Kansas court which they shall not show to a domestic judgment. It is not necessary to cite the authorities in Missouri to the effect that the collection of a void domestic judgment may be restrained by a court of equity. The Kansas court never acquired jurisdiction to render judgment in this case and its whole proceed-

ing is a nullity.    *Todd v. Railroad,* 33 Mo. App. 110; *Keating v. Refrigerator Co.,* 32 Mo..App. 293; *Fielder v. Jessup,* 24 Mo. App. 91; *Railroad v. Maltby,* 34 Kan. 125; *Railroad v. Sharritt,* 43 Kan. 475; *Osgood v. Maguire,* 61 N. Y. 524; *Williams. v. Ingersol,* 89 N. Y. 508; *Wright v. Railroad,* 19 Neb. 175; *Drake v. Railroad,* 69 Mich. 168; *Baylies v. Houghton,* 15 Vt. 631.    (3) The rule that a finding of a court, as to its own jurisdiction in a cause, is conclusive or *res judicata* is limited to domestic judgments.    In the case of the judgment of a sister state, want of jurisdiction may always be shown against it, and a finding or recital of such jurisdiction in the record of the cause will not prevent inquiry into the question of such jurisdiction.    *Crone v. Dawson,* 19 Mo. App. 214; *Matson v. Field,* 10 Mo. 103; *Marks v. Fore,* 51 Mo. 74; *Eager v. Stover,* 59 Mo. 88; *Barlow v. Steel,* 65 Mo. 619; *Napton v. Leaton,* 71 Mo. 358; *Railroad v. Sharritt,* 43 Kan. 375; *Thorn v. Salmonson,* 37 Kan. 441; *Litowich v. Litowich,* 19 Kan. 455; *Pennywit v. Foote,* 27 Ohio St. 618; *Thompson v. Whitman,* 18 Wall. 457; *Cole v. Cunningham,* 133 U. S. 107; *Renier v. Hurlbut,* 50 N. W. Rep. 783; *Ins. Co. v. Company,* 19 S. W. Rep. 615; 3 Am. and Eng. Encyclopedia of Law, p. 521; Black on Judgments, secs. 275, 289, 376, 835, 897 to 901, and 918, 919, 923; Freeman on Judgments, sec. 588 *et seq.;* 12 Am. and Eng. Encyclopedia of Law, p. 1480, *et seq.*  (4) A judgment rendered without jurisdiction of the person or subject-matter is absolutely void and may be attacked at any time in a collateral proceeding.    A judgment *in rem* foreign to the *situs* of the *res* will be held of no obligation. *Barlow v. Steel,* 65 Mo. 619; *Napton v. Leaton,* 71 Mo. 366; *Carr v. Lewis Coal Co.,* 96 Mo. 155; *Hope v. Blair,* 105 Mo. 85; Bigelow on Estoppel [2 Ed.], pp. 21–25; Black on Judgments, sec. 813; Story on Con-

flict of Laws, secs. 589–592; 3 Am. and Eng. Ency-
clopedia of Law, pp. 528, 529. (5) A nonresident can
not be garnished, unless he has property of the defend-
ant in his possession, or is bound to pay his money in
the state where garnished. The *situs* of a debt is the
domicile of the creditor, or the place where by the
terms of the contract, it is payable. The *situs* of
the debt determines the jurisdiction. *Keeting v. Re-
frigerator Co.*, 32 Mo. App. 293; *Renier v. Hurlbut*, 50
N. W. Rep. 783; 21 Central Law Journal, 435; Brown
on Jurisdiction, sec. 150, and note; Dicey on Domicile,
37, 264; Story on Conflict of Laws, sec. 400a.

*Henry Wollman* and *Alexander New* for defendant.
in error.

(1) The contention of plaintiff in error is unsound,
viz.: that a debt can not be garnished at a place where
he lives and where service can be had upon him, but
only at the place where his creditor lives and where no
service can be had on the debtor who is to be garnished.
*Tingley v. Bateman*, 10 Mass. 343; *Plimpton v. Bigelow*,
93 N. Y. 592. There is but one place where a gar-
nishment can be brought and that is where the debtor
lives and service on him can be obtained. *Company v.
Thompson*, 31 Kan. 195; *Railroad v. Crow*, 102 Ill. 258;
*Berry v. Davis*, 13 S. W. Rep. 979. (2) Injunction
is not the proper remedy in any event; the rule being
that court may grant injunctions for the purpose of
protecting citizens of the state from evasions of the
laws of the state, but for no other purpose. *Cole v.
Cunningham*, 133 U. S. 107; 1 High on Injunctions
[3 Ed.], sec. 107.

BURGESS, J.—This is an injunctive proceeding,
instituted by plaintiff to enjoin and restrain defendants

from prosecuting suit against it in the state of Kansas by attachment, and the garnishment of debts due it by various of their customers and debtors in that state, the plaintiff and defendants being residents of this state.   From a judgment for defendants on demurrer to plaintiff's petition, plaintiff took the case to the Kansas City court of appeals by writ of error, where the judgment of the circuit court was affirmed in an opinion by SMITH, P. J.   The case was then certified to this court because of a conflict of the opinion with the decisions of the St. Louis court of appeals in *Keeting v. Refrigerator Co.*, 32 Mo. App. 293; *Bank v. Wickham*, 23 Mo. App. 663; *Fielder v. Jessup*, 24 Mo. App. 91.   The opinion in this case is reported in 54 Mo. App. 147.

The statement of facts and that part of the opinion necessary to a disposition of the case by this court are as follows:

"The petition in this case, which is for an injunction, alleged that both plaintiff and defendant were business corporations, organized and existing under the statutes of this state.

"It was further alleged that the defendant had sued the plaintiff by attachment in one of the courts of the state of Kansas, and had procured the process of garnishment in said suit to be served upon certain debtors of the plaintiff, who were its customers and had become indebted to it for merchandise sold by it to them in this state, where such indebtedness, by the terms of the sale of such merchandise, for which it was incurred, was made payable; that the plaintiff here, who was the defendant in the attachment suit, was notified thereof by publication, and that judgment had been severally pronounced against the defendant and the garnishees therein.   The petition fails to disclose the nature of the claim upon which the attachment proceedings were grounded.   It appears that the plaintiff is a solvent

corporation and that the defendants are about to take steps to compel by execution the garnishees to satisfy the amount of the judgments against them; that the garnishees, who are plaintiff's customers, are in great danger of having to pay their indebtedness to plaintiff twice, which would frustrate the trade relations between the former and the latter to the great injury of the latter, etc. The prayer was that defendants be enjoined and restrained from enforcing and collecting the judgments against plaintiffs and the garnishees, etc.

"The defendant interposed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the plaintiff electing to abide by its petition, judgment was given accordingly.  *  *  *.

"The plaintiff's insistence is that, the proceedings of the Kansas court are void for want of jurisdiction for the reason that the debts garnished had no *situs* in that state, and that, consequently, they were not liable to be attached there. Contracts respecting personal property and debts are now universally treated as having no *situs* or locality; and they follow the owner in point of right. They are deemed to be in the place and are disposed of by the law of the domicile of the owner wherever in point of fact they may be situate in accordance with the maxim *mobilia non habent situm.* Story on Conflict of Laws, sections 362, 399; *State Tax on Foreign Bonds,* 15 Wall. 320; *Renier v. Hurlbut,* 50 N. W. Rep. 783; *Wallace v. McConnell,* 13 Pet. 136; *Railroad v. Gomila,* 132 U. S. 485; *Bank v. Rollen,* 99 Mass. 313; *Trowbridge v. Means,* 5 Ark. 135. It has been ruled in effect that a debt without reference to where payable is deemed attached to the person of the owner so as to have its *situs* at his domicile, yet this fiction always yields to laws for attaching the property of a nonresident, because such laws necessarily assume that

the property has a *situs* distinct from the owner's domicile.   Wherever the creditor might maintain a suit to recover the debt, there it may be attached as his property, provided the laws of such place authorize it. *Harvey v. Railroad*, 52 N. W. Rep. (Minn.) 905; *Nichols v. Hooper*, 17 Atl. Rep. (Vt.) 134; *Railroad v. Crow*, 102 Ill. 258; *Berry v. Davis*, 13 S. W. Rep. 979; *Railroad v. Dugan*, 31 N. W. Rep. 594; *Boyd v. Ins. Co.*, 16 S. W. Rep. 384; *Railroad v. Thompson*, 31 Kan. 180, and cases there cited; *Plimpton v. Bigelow*, 93 N. Y. 592.

"According to the rulings in the cases just cited, it would seem quite obvious that the Kansas court had the requisite jurisdiction to impound the plaintiff's credits there by the attachment proceedings.   And this doctrine seems just and reasonable, for, if the defendant can not reach the plaintiff's credit by the attachment process in Kansas because they have a *situs* in this state, he can not reach them in this state, because there can be no service of notice had on the garnishees in this state, so that it results that plaintiffs credits can not be attached at all.

"But we are confronted with contrary rulings of the St. Louis court of appeals to the effect that the *situs* of the debt is the place where the debtor resides, *unless the debt, by the terms of the contract, is made payable elsewhere, and in the latter event such situs is at the place where the debt is payable.*   *Keeting v. Refrigerator Co.*, 32 Mo. App. 293; *Bank v. Wickham*, 23 Mo. App. 663; *Fielder v. Jessup*, 24 Mo. App. 91.   And to the exception to the rule as indicated by the *italicized* words thereof, we can not agree for the reason already stated. We think the rule declared in *Harvey v. Railroad*, and the other cases cited, which are in accord with it, will better subserve interstate trade and business relations than that embraced in the foregoing exception."

That part of the opinion of the Kansas City court of appeals herein quoted is adopted as the opinion of this court, being, as we think, supported by reason and the weight of authority. All of this division concur.