WESTERN STONEWARE COMPANY, Respondent, v. PIKE COUNTY MINERAL SPRINGS COMPANY, Defendant; VANDEVENTER TRUST COMPANY, Garnishee, Appellant.

**St. Louis Court of Appeals, April 8, 1913.**

1. **VENUE: Transitory Actions.** Under Sec. 1751, R. S. 1909, plaintiff may sue either in the county in which defendant resides, or in the county in which plaintiff resides and defendant may be found.

2. **JURISDICTION: Waiver: Circuit Courts.** Circuit courts, being courts of general jurisdiction, jurisdiction over the per-

son may be waived by appearance in an action instituted therein.

3. ——————: ——————: Venue. Where the court in which a suit is instituted has jurisdiction of the general class of cases to which the particular suit belongs, it has jurisdiction of the subject-matter of such case, and it has authority to proceed to a final determination thereof, even though the suit should have been instituted in another county, if defendant voluntarliy appears, since the bringing of the suit in the wrong county would merely affect the jurisdiction of the court over the person, the lack of which is cured by appearance.

4. **CONFLICT OF LAWS: Situs of Property: Laws Governing.** As a general rule, debts are deemed to be in the place and are disposed of by the law of the domicile of the owner, wherever, in point of fact, they may be situated.

5. **GARNISHMENT: Attachment: Situs of Property.** The reason that the rule that debts are deemed to be in the place and are disposed of by the law of the domicile of the creditor, wherever, in point of fact, they may be situated, yields to the laws governing attachment and garnishment of a nonresident, is because such laws necessarily assume that the property or debt has a situs distinct from the owner's domicile and authorize the attachment or garnishment at the place the property affected is found, to the end of conferring complete authority over it.

6. ——————: **Situs of Property: Jurisdiction.** The situs of a debt being deemed to be in the county in which the creditor resides, the debt is subject to garnishment in such county, even though the debtor garnished is a nonresident, if the latter voluntarily appears and thereby submits his person to the jurisdiction of the court.

7. ——————: **Jurisdiction Over Garnishee.** A garnishee confers jurisdiction over his person by coming into court and filing an answer to the interrogatories of plaintiff, even though the service was defective.

8. **ATTACHMENT: Jurisdiction Over Res.** Under Sec. 1752, R. S. 1909, where there is only one defendant, with property in only one county, the court is without jurisdiction to proceed, unless property is found and attached in the county in which the suit is instituted.

9. **GARNISHMENT: Situs of Property: Jurisdiction: Statutes.** Under Sec. 2414, R. S. 1909, providing that, when a *fieri facias* is issued and placed in the hands of the officer for collection, the officer shall summon garnishees with like effect as in cases of original attachment, and Sec. 1752, providing that suits commenced by attachment against the property of a person shall

be brought in the county in which the property may be found, a debt may be garnished or attached in any county in which its owner may maintain a suit for its collection (provided jurisdiction over the person of the garnishee is obtained), since the debt is transitory and attends the owner wherever he is authorized to sue.

10. ———: **Constructive Notice of Proceedings: Trial Practice.** A garnishee who files his answer to the interrogatories of plaintiff and enters his appearance at the term is in court and must give attention to further proceedings in the case, and presumptively has notice of plaintiff's reply to the answer, and must plead thereto, if he desires to contest the question.

11. **JUDGMENTS: Setting Aside Default: Prerequisites: Garnishment.** The setting aside of a default judgment is within the discretion of the trial court and can only be granted on a showing of a meritorious defense and good cause for not making a seasonable answer; and hence a garnishee, against whom a default judgment has been entered, is not entitled to have the judgment set aside where he fails to show either diligence or a good defense to plaintiff's reply to his answer.

12. **GARNISHMENT: Pleading: Allowing Time to Plead: Trial Practice.** Sec. 2431, R. S. 1909, providing that the garnishee may reply to plaintiff's denial of his answer, does not require the court to make an order allowing time for the garnishee to file a reply unless he requests it.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer,* Judge.

AFFIRMED.

*Henderson, Marshall & Becker* and *J. D. Hostetter* for appellant.

A garnishment by attachment will only lie where a creditor may maintain a suit to recover a debt. Hardware Co. v. Lang, 54 Mo. App. 147. So where both parties reside in a county or counties other than that in which the property is found jurisdiction is vested only in the circuit court of the county in which the property is found. Dennis v. Bailey, 104 Mo. App. 638. The circuit court of Pike county has no more jurisdiction over the garnishee in this case than if it had

sued the garnishee directly to recover property in its hands belonging to the defendant and had the summons served in the city of St. Louis, returnable to the circuit court in Pike county.

*John W. Matson* for respondent.

The garnishee does not claim that there was any defect in the service process upon it, and if there was, that defect was waived by its filing its answer, and in addition to filing its answer it filed its various motions in this case. Cook v. Spence & Harper, 143 Mo. App. 157; Brewing Co. v. Forgey, 140 Mo. App. 605; Dodge v. Knapp, 112 Mo. App. 513; Reed v. Bright, 232 Mo. 410-411; Potter v. Whitten, 161 Mo. App. 128; Marx v. Hart, 166 Mo. 503; Potter v. Whitten, 161 Mo. App. 118.

NORTONI, J.—This is an appeal on the part of the garnishee from a judgment entered against it in favor of plaintiff. The principal question for consideration relates to the jurisdiction of the circuit court to proceed in the premises.

It appears the plaintiff, Western Stoneware Company, recovered a judgment against the defendant, Pike County Mineral Springs Company, a resident of Pike county, for $419.50, and $13.50 costs, in the circuit court of Pike county. It seems the defendant kept a checking account on deposit with the Vandeventer Trust Company in the city of St. Louis, and, therefore, an execution was issued on May 20, 1911, on plaintiff's judgment against defendant and directed to the sheriff of the city of St. Louis. At the instance of plaintiff's attorney, the sheriff of the city of St. Louis, on the 22d day of May, 1911, summoned the Vandeventer Trust Company as garnishee, by declaring to it that he attached in its hands all debts due from it to the defendant, etc., etc. The garnishee was also summoned to appear before the circuit court of

Pike county at the return term of the writ, on the second Monday in June, 1911, to answer such interrogatories as might be exhibited and propounded to it by the plaintiff.

At the June term of the Pike County Circuit Court, and on the 13th day of June, the plaintiff filed therein certain interrogatories to be answered by the Vandeventer Trust Company, garnishee, as to the latter's indebtedness to the defendant and as to any goods, chattels, moneys, etc., in its possession belonging to defendant.    Two days thereafter, during the same term, on June 15, the cause was continued by the court of its own motion. On the following day, June 16, 1911, and during the same term of the court, the garnishee filed its answer in writing to the plaintiff's interrogatories, admitting that at the time it was summoned as garnishee the defendant had a deposit with it in the sum of sixty cents, and further answering that such deposit was a checking account subject to the checks to be drawn by the president and treasurer of the defendant, Pike County Mineral Springs Company, and that all deposits prior to said time had been checked out by defendant and all of the checks returned to the defendant, except one for $200, which was still in the custody of the garnishee.  Besides being signed by the garnishee, this answer was indorsed by Robert M. Zeppenfeld, as attorney for it.  On the same day that this answer was filed by the garnishee, on the application of the plaintiff, the court set aside the order of continuance entered the day before, and granted the plaintiff leave to plead to the garnishee's answer on or before the first day of the next regular term of the court, and the cause was then continued. On the following day, Saturday, June 17, the court adjourned until court in course.  The next regular term of the court convened pursuant to law on Monday, July 17, 1911, and on that day plaintiff filed its denial of the garnishee's answer in accordance with the leave

of court theretofore granted at the prior term. The garnishee omitted to file a reply to the plaintiff's denial of its answer, though no further proceedings were had in the matter, from the 17th of July to the first day of August.

Thereafter, on the first day of August and during the July term, the matter was taken up on the garnishee's answer and the plaintiff's denial thereof and the facts pleaded by plaintiff for a recovery notwithstanding the answer of the garnishee. The garnishee, having failed to reply to the plaintiff's denial of its answer, failed likewise to appear at the hearing on August 1st. The court heard the evidence adduced by plaintiff and found that there was at the time of the service of the garnishment the sum of $841.50 in the hands of the garnishee belonging to defendant, and accordingly entered an interlocutory judgment against the garnishee for $491.50, principal—that is, the amount of plaintiff's judgment against defendant—and eleven dollars interest then accrued, and $13.50 costs; aggregating $516, and ordered that the garnishee pay the said sum into court on or before the 4th day of August, 1911, and continued further proceedings in the cause until August 4th.

The garnishee failed to pay the money into court as ordered, but instead appeared by its attorney on the 3d day of August, during the same July term, and filed a motion to set aside the finding of the court touching its indebtedness to defendant and the order entered against it on August 1st, on the following grounds:

First, because the plaintiff's denial of the garnishee's answer was not filed until July 17, 1911 and the garnishee was without knowledge or information that its answer had been denied until after the trial of the garnishment proceedings and the order entered on the first day of August.

Second, because the court was without jurisdiction over the garnishee or the subject-matter of the garnishment, for the reason that the issuance of an execution from the circuit court of Pike county to the sheriff of the city of St. Louis, and the service thereof by such sheriff on the garnishee, though in due form, was wholly ineffectual to confer jurisdiction on the court.

After a hearing, this motion was overruled and on the following day, August 4th, the garnishee, having failed to comply with the order of the court made theretofore on the 1st day of August, by paying the money into court, judgment was entered against it for the amount of $516 and the costs incident to the proceeding. Within four days thereafter, at the same term, the garnishee filed its motion for a new trial and urged therein that the court erred in overruling the garnishee's motion to set aside its interlocutory judgment of August 1st and erred in giving a final judgment on August 4th, and further erred in failing to prescribe a time within which the garnishee might file a reply to the plaintiff's denial of the answer, and further that the court was wholly without jurisdiction over the subject-matter of the action. Upon this motion being overruled and exceptions saved, the garnishee prosecutes its appeal here.

It is argued the judgment should be reversed for the reason the circuit court of Pike county was without jurisdiction over the subject-matter—that is, to condemn the fund on deposit with the garnishee, Vandeventer Trust Company, in St. Louis. It appears the defendant in execution—that is, the Pike County Mineral Springs Company—is a resident of Pike county, where it was properly sued and the judgment on which the execution issued was recovered. The garnishee, Vandeventer Trust Company, is a resident of the city of St. Louis, and the service of the execution upon it and the levy thereof by the sheriff were made in that

city. The Vandeventer Trust Company was the debtor of the Pike County Mineral Springs Company. Under section 1751, Revised Statutes 1909, the defendant in execution could have sued the Vandeventer Trust Company for its debt, either in St. Louis, where the trust company resided, or in Pike county, where the defendant in execution, Pike County Mineral Springs Company, resided, provided the Vandeventer Trust Company could be found in Pike county. But the trust company was not found in Pike county and therefore a suit would not lie against it there on the debt it owed to the defendant in execution. However, the Pike County Circuit Court is a court of general jurisdiction and no one can doubt that jurisdiction over the person may be waived by an appearance to an action. Had the defendant in execution sued the Vandeventer Trust Company for its debt in the court of Pike county, that court would have been without jurisdiction to give a valid judgment on the subject-matter of the debt, on the mere service of a summons in St. Louis, unless some appearance by the Vandeventer Trust Company to the merits were made, for the statute cited prescribes another venue in such circumstances. But if the court in which the suit is instituted possesses jurisdiction of the general class of cases to which the particular suit involved belongs, it is said to then possess jurisdiction with respect to the subject-matter of such cases and therefore authorized to perform the necessary judicial functions with respect of them, if the parties voluntarily come into the forum, as here— the one for relief and the other to defend. The defendant in execution, Pike County Mineral Springs Company, being a resident of Pike county, might properly have sued the Vandeventer Trust Company there, if it could be found in the county, for the statute so provides. Though the Vandeventer Trust Company was not found in the county, it was certainly competent for it to waive its right in respect of this matter,

after it was served, and voluntarily appear to the merits of the action. Therefore, it is not to be doubted that the defendant in execution could have successfully prosecuted a suit against its debtor, the Vandeventer Trust Company, in the circuit court of Pike county upon an appearance to the merits there by the trust company. The proposition has been frequently decided. [See Columbia Brewery Co. v. Forgey, 140 Mo. App. 605, 120 S. W. 625; Cook v. Spence, 143 Mo. App. 157, 122 S. W. 340; Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29; Brown v. Woody, 64 Mo. 547, 550; Haxton v. Kansas City, 190 Mo. 53, 70, 88 S. W. 714.]

This being true, the rule should obtain alike in this garnishment proceeding between plaintiff in execution, Western Stoneware Company, who, by virtue of the garnishment statutes, is substituted in the place of the creditor, the defendant in execution, Pike County Mineral Springs Company, for the purpose of collecting the debt from the garnishee, the debtor of the latter, unless the *res* (the debt) possesses some peculiar attribute as by a situs which operates to repel the power of the court with respect to it. It certainly cannot be that the situs of the debt owing by the Vandeventer Trust Company to the Pike County Mineral Springs Company can operate to defeat the jurisdiction of the Pike County Circuit Court over it, for, as a general rule, debts are deemed to be in the place, and are disposed of by the law, of the domicile of the owner, wherever in point of fact they may be situated, in accordance with the maxim, *mobilia non habent situm.* [See Story on Conflict of Laws, sections 362, 399; Wyeth Hardware & Mfg. Co. v. Lang & Co., 127 Mo. 242, 29 S. W. 1010; s. c., 54 Mo. App. 147.] From this it appears the debt in garnishment had a situs in Pike county, where its owner resided as much as elsewhere, and was evidently within the jurisdiction of that court, if it sufficiently appears the garnishee debtor voluntarily answered to the merits of the action there and sub-

mitted its person to the powers of the court touching
the rendition of the debt to the plaintiff in execution
so substituted in the place of its original owner.

It is true that the rule above stated as to the situs
of a debt proceeds from a fiction in the law and that it
yields to the laws pertaining to attachment and gar-
nishment of a nonresident, but this is because such
laws necessarily assume the property or debt has a
situs distinct from the owner's domicile, and author-
ize the attachment or garnishment proceeding where
the property is to be found, to the end of conferring
complete authority over it. This is the exception en-
grafted on the general rule for convenience and to aid
in effectuating the attachment laws. [See Wyeth Hard-
ware & Mfg. Co. v. Lang & Co., 127 Mo. 242, 29 S. W.
1010; s. c., 54 Mo. App. 147.] However much the
rule first stated may yield in aid of the attachment
laws, it is not to be doubted that the situs of a debt is
usually regarded at the same place as the domicile of
its owner. In this view, the circuit court of Pike
county possessed jurisdiction to condemn the debt, for
its situs was there where the defendant in the execu-
tion resided and the debtor, garnishee, voluntarily
came into court. That the garnishee confers jurisdic-
tion over his person by coming into court and filing an
answer to the interrogatories preferred by plaintiff
is well established by prior decision and not open to
question. This is true though the service may be de-
fective. [Dodge v. Knapp, 112 Mo. App. 513, 87 S. W.
47; Marx v. Hart, 166 Mo. 503, 66 S. W. 260.]

But it is argued section 2414, Revised Statutes
1909, under garnishment, provides that when a *fieri
facias* is issued and shall be placed in the hands of
the officer for collection, it shall be the duty of the
officer to summon garnishees with like effect as in
cases of an original attachment, and further that the
service of garnishment in such cases and subsequent

172 Mo. App.—45

proceedings against and in behalf of the garnishee shall be the same as in the case of garnishment under attachment. After invoking this statute, we are then pointed to section 1752, Revised Statutes 1909, touching the commencement of suits by attachment. This section provides that suits commenced by attachment against the property of a person shall be brought in the county in which such property may be found. Because the statute on garnishment says that the garnishee is to be summoned on a *fieri facias* with like effect as in the case of an original attachment, it is argued the court could acquire no jurisdiction here, for the reason the debt garnished was money on deposit in the trust company in St. Louis and the garnishment proceeding was in the court of Pike county.

There can be no doubt that it is the rule, under section 1752 pertaining to the commencement of suits by attachment, where there is but one defendant with property in but one county, the court is without jurisdiction to proceed, unless property is found and attached in the county where the suit is instituted. [See Brackett v. Brackett, 61 Mo. 221; Monarch Rubber Co. v. Hutchinson, 82 Mo. App. 603.] But though such be true, an attachment or garnishment of a debt may be sustained in any county in which the creditor might maintain a suit against his debtor thereon, for the reason the situs of the debt is transitory and attends the owner wherever he is authorized to sue. [See Wyeth Hardware & Mfg. Co. v. Lang & Co., 127 Mo. 242, 29 S. W. 1010; s. c., 54 Mo. App. 147; Howland v. Chicago, R. I. & P. Ry. Co., 134 Mo. 474, 36 S. W. 29.] Though it be the debt in this case arose from money on deposit in the Vandeventer Trust Company in St. Louis, the debt itself had a situs sufficient for the purpose of the case in Pike county, where its owner resided, and the debtor saw fit to voluntarily come into court. As the owner of the debt was there, the debt was there too, and the debtor came also. The

rule that an attachment or garnishment of a debt may be sustained where the property is found proceeds alone because, as said in the authorities above cited, the attachment statutes usually authorize attachments to be brought there, and springs from necessity in aid of such statutes. However, all rules seem to converge into one which goes to the effect that a debt may be garnished or attached at any place where its owner might institute and maintain a suit for its collection, provided the laws of such place authorize it. Such is the doctrine expressed in Wyeth Hardware Co. v. Lang & Co., 127 Mo. 242, 246, 29 S. W. 1010; s. c., 54 Mo. App. 147. It is clear that this debt may have been attached or garnished in St. Louis, for its owner, the Pike County Mineral Springs Company, under the provisions of section 1751, could have maintained a suit against the garnishee at the place of its residence for its collection. It is clear, too, that it might have been attached or garnished in the circumstances of the case before us in the circuit court of Pike county, for the reason that a suit for its collection could have been successfully maintained there by its owner, the Pike County Mineral Springs Company, if the debtor voluntarily entered its appearance to the merits of the action, as was held in Columbia Brewery Co. v. Forgey, 140 Mo. App. 605, 120 S. W. 625 and other cases, supra. Obviously the court was possessed of jurisdiction over both the subject-matter and the person of the garnishee.

But it is argued the court abused its discretion in refusing to set aside the interlocutory judgment entered on August 4 and permit the garnishee to reply to plaintiff's denial of its answer and show that it was not indebted to the Pike County Mineral Springs Company to exceed sixty cents. The garnishee, having filed its answer to the interrogatories and entered its appearance on June 13 at the term before, was in court and in duty bound to give attention to further pro-

ceedings in the cause. Plaintiff's reply to this answer was filed on the first day of the July term, July 17th. The garnishee presumably had notice of this, for it was on file fully two weeks before the hearing was had and an interlocutory judgment entered on August 4th. In such circumstances, it cannot be said that the garnishee was unadvised as to the filing of the answer and pertaining to its duty to reply thereto if it sought to contest the question. As, by exercising ordinary diligence, one so situate may discover the condition of the issues in a case pending in court, he is without right to thereafter undo proceedings which might not have taken place except for his negligence. [See Reed v. Bright, 232 Mo. 399, 410, 411, 134 S. W. 653.] Furthermore, the matter of setting aside a judgment by default is one invoking the discretion of the trial court and it is only granted on a showing of a meritorious defense and a good cause for not making a seasonable answer. [See Robyn v. Chronicle Pub. Co., 127 Mo. 385, 30 S. W. 130.] Here no showing whatever was made on that score. [Colter v. Luke, 129 Mo. 702, 108 S. W. 608.] The garnishee wholly failed to show either diligence or a good defense to plaintiff's reply to its answer, and we are therefore unable to say that the trial court abused its discretion in the premises.

Section 2431, Revised Statutes 1909, on garnishment, provides that the garnishee shall be entitled to reply to plaintiff's denial of his answer, and it is argued that the court should not have proceeded with the cause until first making an order allowing time for the garnishee to file such a reply. Obviously the court was not required to make such an order unless requested to do so by the garnishee, for it may be that the garnishee contemplated no reply in the case. Until a request is made in that behalf, it is clear that no substantial harm may be entailed upon the garnishee in the failure of the court to make such an order. The

garnishee, having filed its answer and thus appeared in the case, was in duty bound to be present and request such further orders as it desired the court to make in its behalf.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.