STATE OF MISSOURI at the relation of DELA F. FIELDER, Relator, v. ROBERT J. KIRKWOOD and CHARLES B. WILLIAMS, Judges of the Circuit Court of the City of St. Louis, and Their Successors as Presiding Judge of said Court.—138 S. W. (2d) 1009.

Court en Banc, April 2, 1940.

*Moser, Marsalek & Dearing* for relator.

Fordyce, White, Mayne, Williams & Hartman for respondents; Samuel Kassel and John A. Bloomingston of counsel.

DOUGLAS, J.—This is an original action of mandamus to order the Presiding Judge of the Circuit Court for the City of St. Louis to set aside an order of dismissal as to one of two parties defendant and to reinstate the case so that it may proceed on its merits against both defendants.

The ultimate question for decision is whether the commerce clause of the United States Constitution may be considered as a defense to

the issue of the availability of attachment and garnishment under our State laws against a non-resident interstate railroad.

The relator is the plaintiff in the case, a suit for $20,000 damages for personal injuries. He is a citizen of Missouri residing in Greene County. He was employed by a concern in Springfield, Missouri, which had ordered some pipe from a company in Chicago. The company received from the Belt Railway Company of Chicago a freight car in which to load the pipe. The car was loaded and consigned to the concern in Springfield. Upon reaching St. Louis it was picked up by the St. Louis-San Francisco Railway Company and taken to Springfield where it was delivered to the consignee. The relator was unloading the pipe when the floor of the car broke because of decayed floor boards causing the relator to be injured. He brought suit in the Circuit Court of St. Louis against the ''Frisco'' and the Belt Railways jointly. Service was had upon the Frisco and the cause is still pending against it. As to the Belt Railway, the sheriff's return showed that it could not be found in the City of St. Louis; subsequently substituted service was had upon it. The plaintiff obtained an attachment against the Belt Railway and in aid of the attachment, writs of garnishment were served on the Alton and the Illinois Central Railroads at their respective offices in the City of St. Louis. In answer to the interrogatories filed in these garnishments the garnishees each admitted owing substantial sums to the Belt Railway. Thereafter, the Belt Railway attacked the jurisdiction of the court on the ground that the garnishments constituted an undue burden on interstate commerce and that the debts of the garnishees to it were not lawfully subject to garnishment or attachment.

The plea to the jurisdiction was submitted below on an agreed statement of facts which, briefly, showed that the Belt Railway was an Illinois corporation and did no business in Missouri and that it operated switching and terminal facilities in Chicago. The garnishees were not Missouri corporations. The indebtedness of the garnishees arose from mutual running accounts kept in Chicago where the balances were struck.

The court sustained the plea to the jurisdiction and dismissed plaintiff's action against the Belt Railway. Thereupon, he applied here for mandamus asking that the order of dismissal be set aside and the cause reinstated against the Belt Railway or, stated differently, that the court below exercise its jurisdiction over the Belt Railway and proceed to try the case on its merits against both defendants.

A writ of mandamus has lost its prerogative quality and its issuance rests in judicial discretion. The doctrine is settled that in every case such discretion must be reckoned with and applied with judicial self-restraint. [State ex rel. Warde v. McQuillin, 262 Mo.

256, 171 S. W. 72.] We must first determine whether mandamus is the proper remedy in this case.

■ Mandamus will not issue to an inferior court whenever there is another adequate remedy such as appeal or writ of error; or to review the proceedings on the ground of error; or to direct the entry of a particular judgment. But mandamus will lie to set an inferior court in motion (State ex rel. Laclede Bank v. Lewis, 76 Mo. 370) to hear and determine a cause or matter in issue in the exercise of its judicial function when its refusal to act is a denial of justice. [State ex rel. Harris v. Laughlin, 75 Mo. 358.]

■ We have established the rule that when, upon a preliminary question of jurisdiction depending wholly upon the law and not upon the facts, the court misconceives its jurisdiction of the cause or of the parties and refuses to proceed to a final determination upon the merits then the appellate court will issue its writ of mandamus to compel the lower court to reinstate the matter and proceed to its final determination without attempting to dictate what the result of such determination shall be. [Castello v. St. Louis Circuit Court, 28 Mo. 259; State ex rel. Wright v. McElhinney (Mo. App.), 72 S. W. (2d) 895, and the cases therein cited.] As the facts in the case at bar pertaining to the question of jurisdiction over the Belt Railway are admitted, the question is one purely of law and the above rule applies. [State ex rel. Case v. Seehorn, 283 Mo. 508, 223 S. W. 664.] In such cases no question of fact being involved, we have held that an appeal or writ of error would not furnish an adequate remedy. [State ex rel. General Motors Acceptance Corp. v. Brown, 330 Mo. 220, 48 S. W. (2d) 857.] Mandamus is the proper remedy here. We have heretofore decided that mandamus is a proper remedy in a case involving similar facts. [State ex rel. Foraker v. Hoffman, 309 Mo. 625, 274 S. W. 362.]

■ Now we come to the issue of initial jurisdiction over the party, the Belt Railway, not on the question of compelling it to submit to our jurisdiction under the principal suit but on the question whether the trial court had jurisdiction to issue the attachment and the garnishments in aid thereof. Neither the right nor the propriety of service upon the garnishees is in dispute.

■ It is first argued that the indebtedness of the garnishees to the Belt Railway could not be attached in this State because the *situs* of such indebtedness is the domicile of the owner, which is in Illinois. It is true that we have ruled that a debt is deemed attached to the person of the owner so as to have its *situs* at his domicile. But we have qualified this rule in laws relating to attachments because such laws necessarily assume that the property has a *situs* distinct from the owner's domicile. It is well settled that a debt may be attached wherever the creditor might maintain a suit to recover it. [Restat. Conflict of Laws, sec. 108; Harris v. Balk, 198 U. S. 215, 49 L. Ed.

1094

1023; Wyeth Hdw. & Mfg. Co. v. Lang, 127 Mo. 242, 29 S. W. 1010; Western Stoneware Co. v. Pike County Mineral Springs Co., 172 Mo. App. 696, 155 S. W. 1083; State ex rel. Richardson et al. v. Mueller, 230 Mo. App. 962, 90 S. W. (2d) 171; Farrar v. American Express Company (Mo. App.), 219 S. W. 989.] The latter case relies on the Wyeth case and points out that Green's Bank v. Wickham, 23 Mo. App. 663, Fielder v. Jessup, 24 Mo. App. 91, and Keating v. American Refrigerator Co., 32 Mo. App. 293, which are cited by the respondents are therein overruled.

 It is next argued that the attachment was not authorized under Missouri law because the creditor, the Belt Railway, could not satisfy the above requirement in that it could not maintain a suit here to recover its debt against the debtors, the garnishees. No claim is made that our statutes impose any obstacle to such a suit or that under our statutes the courts of this State would not afford the appropriate forum. Nor could such a claim be made because it is settled that in this State one non-resident may sue another by attachment. [State ex rel. Ferrocarriles v. Rutledge, 331 Mo. 1015, 56 S. W. (2d) 28, 85 A. L. R. 1378.] The contention is that such a hypothetical suit could not be brought because it would violate the commerce clause of the United States Constitution by imposing an unreasonable burden on interstate commerce. To sustain this contention the Belt Railway shows the indebtedness arose in Illinois where the books are kept and the balances are struck and where the parties to the transactions giving rise to the indebtedness are residents. If such a contention can be advanced against the issuance of the attachment it cannot be sustained. Let it be borne in mind the creditor must be a non-resident of this State or attachement will not lie. Both garnishees are in this State subject to process. The indebtedness under our decisions was here subject to attachment and garnishment, and was conceded both as to liability and amount. We ruled in State ex rel. Ferrocarriles v. Rutledge, supra, that a suit by attachment under somewhat similar circumstances would not burden commerce. Traffic balances, in themselves, are not immune from attachment and garnishments. [Atchison, T. & S. F. Ry. Co. v. Wells, 265 U. S. 101, 68 L. Ed. 928.]

In attacking the authority of the court to issue under our law the writs of garnishments in aid of attachment, the respondent relies on James C. Davis v. Farmer's Co-operative Equity Co., 262 U. S. 312; Atchison, T. & S. F. Ry. Co. v. Wells, 265 U. S. 101; Panstwowe Zaklady Graviozne v. Automobile Ins. Co. of Hartford et al., 36 Fed. (2d) 504; Michigan C. Railroad Co. v. Mix, 278 U. S. 492. In none of these cases is the availability of the action questioned. It is the *use* of the process for the purpose of compelling the defendant to submit to the jurisdiction of the court in the principal cause of action under the peculiar facts and circumstances of each

case which is held invalid as an unreasonable burden on interstate commerce. Whether attachment and garnishment are available under the laws of this State must be necessarily determined by such laws. [Federal Land Bank v. Priddy, 295 U. S. 229; Federal Housing Adm., Region No. 4 v. Burr, 60 Sup. Ct. 129.]

None of respondents' cases sustain respondent's position that our courts had no authority to issue the attachment in the first instance. They may properly be considered on the question of the right of the relator to maintain his action for personal injuries against this defendant.

However, we hold that such defense cannot be properly advanced against the hypothetical case which is used merely to test the propriety of the attachment under our laws where, as here, the attachment is ancillary to the principal action. Should such practice be permitted and such defense sustained it would in effect nullify our attachment laws even where the principal action would not unreasonably burden interstate commerce. And more to the point, how can it be seriously asserted that the right to bring a hypothetical suit is a burden to commerce. Such defense must be reserved for the principal action, and not used as a test of the propriety of the attachment under the State statutes. In other words let it be advanced to determine whether an attachment, otherwise properly issued, is void because the principal suit violates the commerce clause.

To uphold respondent's position the relator would be denied the right to have the question determined on the particular facts of his cause of action. Whether interstate commerce would be unreasonably burdened must be decided under the facts of the case itself. Here we find the plaintiff is, and for a long time prior to instituting the suit was, a resident of this State. He has filed his suit in his own State where the freight car in question was delivered; where the accident occurred; where he was injured; where the cause of action arose; where his witnesses, if any he has, reside; and where the other party defendant is a resident. No facts are pleaded or proven to show, under these circumstances, how interstate commerce would be unreasonably burdened if the Belt Railway is required to submit to suit here. The mere fact that the Belt Railway may have witnesses who reside in Illinois does not deprive our court of jurisdiction because of the commerce clause. [International Milling Co. v. Columbia Transportation Co., 292 U. S. 511, 78 L. Ed. 1396.] However, it is not necessary for us to rule whether under these facts the suit violates the commerce clause as such point is not before us.

The trial court should proceed with the case against both parties. The order dismissing as to the Belt Railway should be set aside and the cause reinstated against it. To effect this, let our peremptory writ of mandamus issue. All concur.