**SOCIETY BRAND HAT CO. v. HOME INS. CO. et al.**

No. 5583.

District Court, E. D. Missouri, E. D.

Oct. 27, 1947.

Murray Steinberg, of St. Louis, Mo., for plaintiff.

Willson, Cunningham & McClellan and J. H. Cunningham, Jr., all of St. Louis, Mo., for garnishee.

Kahn & Kahn, of St. Louis, Mo., for defendant.

HULEN, District Judge.

The conceded facts upon which the two motions were presented are as follows: Plaintiff is a Missouri corporation. Defendant is organized under the laws of the State of New York. It is not authorized to do business in Missouri and has not engaged in business in Missouri. The suit was instituted in the Circuit Court of the City of St. Louis, Missouri, to recover $132,660.06 for damages resulting from a sale of merchandise by defendant to plaintiff. None of the facts alleged in plaintiff's petition arose out of business transacted between plaintiff and defendant in Missouri. Plaintiff attempted to obtain service on defendant by attachment issued out of the Circuit Court of the City of St. Louis directed to the garnishee, Home Insurance Company, and served by the Sheriff of Cole County, Missouri, on the Superintendent of the Department of Insurance under the provisions of Section 6005, Revised Statutes of Missouri 1939, Mo.R.S.A., providing for process against foreign insurance companies. Purported service was further had on defendant by mailing the summons to the defendant at its place of business in Pittsburgh, Pennsylvania.

The garnishee, Home Insurance Company, is a corporation organized under the laws of the State of New York and licensed to do business in the State of Missouri. The basis of the garnishment is that the Home Insurance Company issued to defendant, in the State of Pennsylvania, its policy of fire insurance, defendant suffered loss by fire under the policy in the amount of $285,000, and the garnishee is indebted to defendant in the sum of $132,660.06, the balance of the amount of loss having been paid to the defendant. Neither the

garnishee nor the defendant has any property in the State of Missouri. In this state of the record the cause was removed from the Circuit Court of the City of St. Louis. The defendant and garnishee have filed motion to quash the service.

■ We believe the law is well settled governing the question presented in the motions to quash the return of the Sheriff of Cole County on the writ of garnishment to the garnishee and the summons and return of service on the defendant. "The law to be applied to the factual situation presented (on the record as of the time of removal) is that of the State of Missouri as found in its statutes and the decisions of its courts". See Socony–Vacuum Oil Co.

v. C. M. Johnston & Sons S. & G. Co., 8 Cir., 103 F.2d 275, loc. cit. 277. The ultimate question on the motions is, could the defendant have sued the garnishee in the Circuit Court of the City of St. Louis, Missouri, on the indebtedness which is the subject of the garnishment? If the answer is yes, motions to quash of the defendant and garnishee should be overruled. If the answer is no, the motions should be sustained.

■ Service of process on a non-resident insurance company at the instance of the policy-holder, in the State of Missouri, under the facts presented, is not authorized by Section 6005, Revised Statutes of Missouri 1939, Mo.R.S.A.[1] The statute may be summarized as providing that non-residents

---

[1] Sec. 6005. Process against foreign companies—appointment of superintendent to receive or accept service of.— No insurance company or association not incorporated or organized under the laws of this state shall directly or indirectly issue policies, take risks, or transact business in this state, until it shall have first executed an irrevocable power of attorney in writing, appointing and authorizing the superintendent of insurance of this state, to acknowledge or receive service of all lawful process, for and on behalf of such company, in any action against said company, instituted in any court of this state, or in any court of the United States in this state, and consenting that service upon the superintendent shall be deemed personal service upon said company. Service of process shall be made by delivery of a copy of the petition and summons to the superintendent of insurance, the deputy superintendent of insurance, or the chief clerk of the insurance department at the office of the superintendent of insurance at Jefferson City, Missouri, and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which such resident is named as beneficiary, and in all actions brought by nonresidents of this state upon any policy issued in this state in which such nonresident is named beneficiary or which has been assigned to such nonresident and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state. In case such process is issued by a justice of the peace or other inferior court, the same may be directed to and served by any officer authorized to serve process in the city or county where the superintendent of insurance shall have his office, at least fifteen days before the return thereof. Every such instrument of appointment executed by such company shall be attested by the seal of such company and shall recite the whole of this section, and shall be accompanied by a copy of a resolution of the board of directors or trustees of such company similarly attested, showing that the president and secretary or other chief officers of such company are authorized to execute such instruments on behalf of the company; and if any such company shall fail, neglect or refuse to appoint and maintain within this state an attorney or agent in the manner hereinbefore described, it shall forfeit the right to do or continue business in this state. Whenever process shall be served upon the superintendent of insurance, the deputy superintendent of insurance, or the chief clerk of the insurance department under the provisions of this section, such process shall immediately be forwarded by first class mail prepaid and directed to the secretary of the company, or, in the case of an alien company, to the United States manager or last appointed general agent of the company in this country: Provided, that there shall be kept in the office of the superintendent of insurance a permanent record showing for all process served the name of the plaintiff and defendant, the court from which the summons issued, the name and title of the officer serving same, and the day and hour of said service."

of the State of Missouri may institute suits against foreign insurance companies authorized to do business in Missouri (a) when the policy was issued within this State when a non-resident is beneficiary or when the policy has been assigned to such non-resident, and (b) where the action brought by a non-resident of this State is on a cause of action, other than an action on an insurance policy, which arises out of business transacted, acts done, or contracts made in this State. The Supreme Court of the State of Missouri, in State ex rel. Northwestern Mut. Fire Ass'n v. Cook, 349 Mo. 225, 160 S.W.2d 687, 689, said: "Since the policy of insurance sued on was executed in the State of Oregon, it is an Oregon contract. The alleged loss occurred in the State of Oregon. Therefore, to come within the provision of the above quoted part of Section 6005, the plaintiff must be a resident of the State of Missouri."

The purported service of garnishment upon the Home Insurance Company being without any basis under the law of the State of Missouri, jurisdiction over the garnishee is absent, for the reason "if the defendant could not have sued the garnishee for the liability involved in the jurisdiction in which the garnishment is brought, then the garnishment cannot be maintained in that jurisdiction". See German v. Universal Oil Products Co., D.C., 6 F.Supp. 53, loc. cit. 57.

It follows that the service by mail on defendant is of no force and effect to give this Court jurisdiction over the defendant. See Sec. 28, Laws of Missouri 1945, p. 640, Mo.R.S.A. § 847.16.

### Order.

The return of the Sheriff of Cole County on the writ of summons directed to and purported to have been served on Home Insurance Company as garnishee, is quashed and the Sheriff's return on the writ of attachment showing the summoning of the Home Insurance Company as garnishee and attaching of any assets or indebtedness owed by the garnishee herein to the defendant is quashed, and said garnishee is dismissed, and that the service of summons on the defendant by mail is quashed.