C. S. FOREMAN CO.

v.

H. B. ZACHRY CO.

Civ. No. 9110.

United States District Court,
W. D. Missouri, W. D.

Aug. 12, 1954.

. Paul Van Osdol, Jr., Kansas City, Mo., for plaintiff.

Warren E. Slagle, Lombardi, Fligg, McLean & Slagle, Kansas City, Mo., for defendant and garnishee.

WHITTAKER, District Judge.

This matter is before me upon three motions. The first is a motion, by special appearance, of defendant, H. B. Zachry Company, a Texas corporation, to quash a garnishment summons (and the return of service thereon), issued in aid of a writ of attachment, directed to Magnolia Pipe Line Company, a Texas corporation licensed to do business in Missouri, and served upon its registered agent in Missouri; the second is an identical motion, upon special appearance, by the garnishee, Magnolia Pipe Line Company, and the third is a motion, by special appearance, of the defendant to quash summons served upon it by mail under Section 506.160, RSMo 1949, V.A.M.S.

The facts upon which the answers to these motions depend are briefly, as follows. Plaintiff commenced this action in the Circuit Court of Jackson County, Missouri, at Kansas City, to recover from the defendant, H. B. Zachry Company, the sum of $45.306.71 as damages to, and loss of rents on, certain contractors' machinery leased, in Missouri, by the plaintiff to the defendant, to be used at Columbia, Tennessee, where the alleged damage thereto occurred. Because the defendant has no office or agent in, and is not licensed to do business in, the state of Missouri, personal service upon it could not be had in Missouri, and was not attempted. An affidavit of non-residence of the defendant—a statutory ground of attachment in Missouri—was filed by the plaintiff in said state court, upon which a writ of attachment was issued by the clerk of the court to the sheriff of Jackson County, Missouri, who, in aid thereof, issued a garnishment summons directed to Magnolia Pipe Line Company, as garnishee, and served the same, on April 8, 1954, upon its registered agent, at its registered office, in Missouri, located in Jackson County, at Kansas City. On the same day plaintiff caused to be sent by registered mail to the defendant, at its main office in San Antonio, Texas, a summons and a copy of the complaint, and same were received there by the defendant on or about April 12, 1954.

Thereafter, the defendant removed the cause to this court and it and said garnishee, by special appearance, then filed the three motions in this court as stated.

It is the position of the defendant, and of the garnishee, that inasmuch as the plaintiff is a Texas corporation and therefore a non-resident of Missouri (though licensed to do business and maintaining its principal office in Missouri), and inasmuch as the defendant is a Delaware corporation and, therefore, a non-resident of Missouri and not licensed to do business in Missouri, and inasmuch as the garnishee is a Texas corporation (though licensed to do, and doing, business, and maintaining a registered agent and registered office, in Missouri), plaintiff may not validly and effectively serve this garnishment process upon garnishee's registered agent in Missouri, in an action between non-residents of Mis-

souri, in respect of a claim which arose outside the state of Missouri, because, they argue, the garnishee, in qualifying and obtaining a license to do business in Missouri and in appointing, in conection therewith, as required by Sections 351.-620 and 351.630 RSMo 1949, V.A.M.S., a registered agent in Missouri, did not consent to, and said statutes do not provide for, service of process upon its registered agent in Missouri in a cause of action arising outside the State of Missouri, and in favor of a non-resident of Missouri, but that it only consented that process might be served upon its registered agent in Missouri, in actions arising 'out of business done or transactions had or occurring in Missouri, and that, therefore, defendant, H. B. Zachry Company (had it instituted suit here against the garnishee to collect the debt owing to it by the garnishee and which is the subject of the garnishment), could not have obtained valid service of process upon garnishee, Magnolia Pipe Line Company, by serving process upon its registered agent in Missouri, and that the plaintiff, who seeks, by this garnishment process, to enforce, for its own benefit, the claim of the defendant against the garnishee is subject to the same limitations upon service of process as the defendant would be in a direct suit brought by it in Missouri against the garnishee.

■ The law to be applied, on the record as of the time of removal, is that of the State of Missouri as found in its statutes and decisions. Socony-Vacuum Oil Co. v. C. M. Johnston & Sons, 8 Cir., 103 F.2d 275, 277; Society Brand Hat Co. v. Home Ins. Co., D.C.E.D.Mo., 74 F. Supp. 13.

■ The ultimate question on these motions is: Could the defendant, in an action by it, in the Circuit Court of Jackson County, Missouri, against the garnishee to recover the indebtedness which is the subject of the garnishment, have validly and effectively served process upon the garnishee's registered agent in Jackson County, Missouri, in the same manner as the garnishment summons here was served upon the garnishee? If the answer is yes, then the motions should be overruled, but if the answer is no, the motions should be sustained, because "If the defendant could not have sued the garnishee for the liability involved in the jurisdiction in which the garnishment is brought, then the garnishment cannot be maintained in that jurisdiction." German v. Universal Oil Products Co., D.C., 6 F.Supp. 53, 57; Society Brand Hat Co. v. Home Insurance Co., D.C.E.D.Mo., 74 F.Supp. 13, 15; State ex rel. Fielder v. Kirkwood, Judge, 345 Mo. 1089, 138 S.W.2d 1009.

■ The law is well settled in Missouri that one non-resident may sue another non-resident by attachment in this state.[1]

1. In State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, Judge, 331 Mo. 1015, 56 S.W.2d 28, 33, 85 A.L.R. 1378, the court approvingly quoted from earlier Missouri cases as follows: "'From an early day in this state it has been ruled that one nonresident may sue another by attachment in this state (Posey v. Buckner, 3 Mo. 604; Graham v. Bradbury, 7 Mo. 281), though the statute concerning attachments contains no mention of nonresidents as suitors in our courts.' Baisley v. Baisley, 113 Mo. 544, 21 S.W. 29, 30, 35 Am.St.Rep. 726." In State ex rel. Fielder v. Kirkwood, Judge, 345 Mo. 1089, 138 S.W.2d 1009, an action in which the plaintiff, a citizen of Missouri, under a writ of attachment against the defendant, a non-resident of Missouri, had a garnishment served in Missouri, but for a non-resident garnishee, the court said, addressed to the garnishee's plea to the jurisdiction of the court, "It is next argued that the attachment was not authorized under Missouri law because the creditor, the Belt Railway, could not satisfy the above requirement in that it could not maintain a suit here to recover its debt against the debtors, the garnishees. No claim is made that our statutes impose any obstacle to such a suit or that under our statutes the courts of this state would not afford the appropriate forum. Nor could such a claim be made because it is settled that in this state one non-resident may sue another by attachment. State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 56 S.W.2d 28, 85 A.L.R. 1378."

This being so, we get down to the question, which is the real point made by the defendant and the garnishee, of whether the service of the garnishment process upon the garnishee's registered agent in Missouri was authorized and effective to confer upon the court jurisdiction over its person in an action where, as here, the debt which is the subject of the garnishment did not arise out of business done or transactions had in Missouri. On that score we find that by virtue of Section 351.620 RSMo 1949, V.A.M.S., every foreign corporation, to become licensed to transact business in Missouri, must "have and continuously maintain in this state: * * * A registered office" and "A registered agent," and that Section 351.630 RSMo 1949, V.A.M.S., provides that "Service of process in any suit, action, or proceeding, or service of any notice or demand required or permitted by law to be served on a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation. * * *" We further find that it is provided in Section 351.575 RSMo 1949, V.A.M.S., that "A foreign corporation which shall have received a certificate of authority under this chapter shall * * * enjoy the same, but no greater, rights and privileges as a domestic corporation * * * and, except as in this chapter otherwise provided, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a corporation of like character organized under or subject to this chapter."

Defendant and the garnishee urge that the case of Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201, invalidates service of process made upon the process agent of a foreign corporation unless the subject of the suit arose out of business done or transactions had in the state of suit. Actually the case so holds "unless the state law either expressly or by local construction gives to the appointment (of a registered or process agent) a larger scope" (and unless that be done) "we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, * * *." But here the state law expressly gives to the appointment of the registered agent "a larger scope". One can hardly conceive of a broader scope than that given by Section 351.630 of the Missouri statute. Note that it says "Service of process in any suit, action, or proceeding, or service of any notice or demand required or permitted by law to be served on a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation."

It follows that the defendant, though a non-resident of, and not licensed to do business in, Missouri, might have maintained an action here against the garnishee, on the subject matter of the debt involved in the garnishment, even though that debt did not arise in Missouri or out of business done or transactions had in Missouri, and that valid service of process could have been had in such suit upon the garnishee by serving its registered agent, at its registered office, in Missouri, as the garnishment summons was served here. And, inasmuch as that is so, it follows that the plaintiff has the same rights in enforcing that cause of action by this garnishment process; and it follows from this that the motions of the defendant and the garnishee to quash the garnishment summons served on Magnolia Pipe Line Company, as garnishee, and to quash the return thereon should be denied.

This leaves for disposition defendant's motion to quash the service had upon it by mail. That service was had under the terms of Section 506.160 1949, V.A.M.S. It allows service by mail in actions affecting a fund or any res within the jurisdiction of the court. It does not purport to authorize the rendition of a personal judgment against the defendant. It only authorizes the court to proceed against the res over which the court has acquired jurisdiction. Defendant says there is no res within the jurisdiction of the court. But finding, as I do, that the garnishment was validly had and served upon the garnishee, Magnolia

Pipe Line Company, and, it being admitted in the briefs that the garnishee is indebted to the defendant, there is a res within the jurisdiction of the court, and it follows that defendant's motion to quash the service had upon it by mail must be overruled.

It is, therefore, Ordered and Adjudged by the Court that the separate motions of defendant, H. B. Zachry Company, and of garnishee, Magnolia Pipe Line Company, to quash the garnishment summons served herein upon the garnishee, Magnolia Pipe Line Company, and to quash the return of service thereon, and the motion of defendant to quash the service had upon it herein by mail, all should be, and they are hereby, denied.